DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Wadsworth Township Board of Trustees, appeals the decision of the Medina County Court of Common Pleas, which affirmed the Medina County Board of Commissioners' decision to grant a petition for annexation to appellees, the City of Wadsworth and the petitioners. This Court affirms.
I.
{¶ 2} On October 23, 2002, appellee petitioners ("the petitioners") filed a petition for annexation of land from Wadsworth Township into appellee City of Wadsworth ("the City") in Medina County, Ohio. The petition involved 331.2142 acres of land and 30 of the 52 land-owners in the territory proposed to be annexed joined as petitioners. On January 6, 2003, a public hearing concerning the annexation was held before the Medina County Board of Commissioners ("the Commissioners"). At the hearing, both the petitioners and those land-owners opposed to the annexation presented witnesses and the Commissioners considered all the testimony and evidence before them. Upon conclusion of the public hearing, the Commissioners set a deadline for interested parties to submit post-hearing briefs and proposed findings of fact.
{¶ 3} On February 3, 2003, after reviewing all the evidence presented to them, the Commissioners unanimously approved and granted the petition for annexation. The Commissioners explained their specific findings of fact via Resolution No. 03-87, which they adopted in order to approve the annexation of the 331.2142 acres of land into the City.
{¶ 4} On February 26, 2003, the Wadsworth Township Board of Trustees ("the Township") appealed the decision of the Commissioners to the Medina County Court of Common Pleas. The parties submitted briefs and the court held oral argument for the appeal on July 16, 2003. Upon review of the record, briefs and oral arguments, the trial court affirmed in full the Commissioners' decision to grant the petition for annexation and journalized the same on July 16, 2003.
{¶ 5} The Township timely appealed the trial court's decision to this Court, setting forth three assignments of error for review. The Township's assignments of error will be addressed collectively for ease of discussion.
II.
FIRST ASSIGNMENT OF ERROR
"The trial court erred in approving the commissioners' decision where the annexation would segment a road and there was no formal agreement by the city to maintain the road."
SECOND ASSIGNMENT OF ERROR
"The trial court erred by failing to consider the benefits and detriments of the annexation to the area to be annexed and the surrounding unincorporated area."
THIRD ASSIGNMENT OF ERROR
"The trial court erred in finding the area to be annexed was not unreasonably large."
{¶ 6} In its first assignment of error, the Township argues the trial court erred in approving the Commissioners' decision where the annexation would segment a road and there was no formal agreement by the City to maintain the road.[1] In its second assignment of error, the Township argues the trial court erred by failing to consider the benefits and detriments of the annexation to the area to be annexed and the surrounding unincorporated area. In its third assignment of error, the Township argues the trial court erred in finding the area to be annexed was not unreasonably large. This Court disagrees.
{¶ 7} An order affirming a petition to annex a property may be appealed pursuant to R.C. 2506.01. Smith v. Granville Twp.Bd. of Trustees (1998), 81 Ohio St.3d 608, 612. The scope of review by a court of such an administrative order is defined in R.C. 2506.04, which states:
"The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code."
{¶ 8} This Court has explained the review process for an appeal of a grant of a petition for annexation:
"The administrative ruling is initially appealed to the court of common pleas, which weighs the evidence in the record and may consider new or additional evidence. Smith,81 Ohio St.3d at 612, citing Dudukovich v. Lorain Metro. Hous. Auth. (1979),58 Ohio St.2d 202, 207, 389 N.E.2d 1113. The decision of the court of common pleas may then be appealed to an appellate court on questions of law. Smith, 81 Ohio St.3d at 613. An appellate court's function, however, does not involve a determination as to the weight of the evidence. In re Annexation of 1,544.61 Acres,
(1984), 14 Ohio App.3d 231, 233, 14 Ohio B. 259, 470 N.E.2d 486. This Court's inquiry is limited to a determination of whether we can say, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence. Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34, 12 Ohio B. 26, 465 N.E.2d 848; see, also,Dudukovich, 58 Ohio St.2d at 208." CMK, Ltd. v. Bd. of CountyCommrs., 9th Dist. No. 02CA008185, 2003-Ohio-5160, at ¶ 7.
{¶ 9} R.C. 709.033 governs a board of county commissioners' determination to grant a petition for annexation. The statute provides, in relevant part:
"(A) After the hearing on a petition for annexation, the board of county commissioners shall enter upon its journal a resolution granting the annexation if it finds, based upon a preponderance of the substantial, reliable, and probative evidence on the whole record, that each of the following conditions has been met:
"(1) The petition meets all the requirements set forth in, and was filed in the manner provided in, section 709.02 of the Revised Code.
"(2) The persons who signed the petition are owners of real estate located in the territory proposed to be annexed in the petition, and, as of the time the petition was filed with the board of county commissioners, the number of valid signatures on the petition constituted a majority of the owners of real estate in that territory.
"(3) The municipal corporation to which the territory is proposed to be annexed has complied with division (D) of section709.03 of the Revised Code.
"(4) The territory proposed to be annexed is not unreasonably large.
"(5) On balance, the general good of the territory proposed to be annexed will be served, and the benefits to the territory proposed to be annexed and the surrounding area will outweigh the detriments to the territory proposed to be annexed and the surrounding area, if the annexation petition is granted. As used in division (A)(5) of this section, `surrounding area' means the territory within the unincorporated area of any township located one-half mile or less from any of the territory proposed to be annexed.
"(6) No street or highway will be divided or segmented by the boundary line between a township and the municipal corporation as to create a road maintenance problem, or, if a street or highway will be so divided or segmented, the municipal corporation has agreed, as a condition of the annexation, that it will assume the maintenance of that street or highway. For the purposes of this division, `street' or `highway' has the same meaning as in section 4511.01 of the Revised Code."
{¶ 10} In the instant case, the Township asserts that the Commissioners' resolution granting the petition for annexation was not supported by a preponderance of substantial, reliable and probative evidence with regard to R.C. 709.033(A)(4)-(6). As a result, it argues the trial court erred in affirming the decision of the Commissioners.
{¶ 11} To begin, the Township argues the record clearly demonstrates that (a) certain roads will be divided and segmented as a result of annexation, and (b) the City has not agreed as a condition of the annexation that it will assume the maintenance of those roads, in violation of R.C. 709.033(A)(6). In other words, the Township argues a road maintenance problem is created by the annexation that the City has not agreed in writing to remedy.
{¶ 12} In support of their finding that the petition meets the conditions of R.C. 709.033(A)(6), the Commissioners concluded that no street or highway would be segmented between the Township and the City as a result of the annexation and, for that reason, there was no possibility of a subsequent road maintenance problem. The Commissioners' determination was supported by the testimony of Chris Eaton, the Assistant Service Director for the City, concerning the City's ability to service segmented roadways around it. Mr. Eaton first explained that the City already has road maintenance agreements with the State and Medina County whereby they cooperate with each other in maintaining any roads where the City shares boundaries on county and state roads. He further testified that none of the roads that would be involved as part of the annexation were maintained by the Township before the petition because they are State and County roads covered by the City's cooperative maintenance agreements. Subsequently, Mr. Eaton clarified that any segmentation of those roads due to the annexation would not create any maintenance problem as they are already maintained under the City's cooperative agreements with the State and Medina County, regardless of the petition.
{¶ 13} After reviewing the complete record of the proceedings provided to it, the trial court found the Township failed to prove the annexation was granted in violation of R.C.709.033(A)(6), and stated:
"The record does not support the Appellant's contention the annexation creates a `road maintenance problem'. In fact, there was evidence to the contrary. The non-township roads at issue are already segmented, yet maintained. Even if there were a `road maintenance problem' created by segmentation, the statute does not require a formal written maintenance agreement. Again, the Court finds the Appellant's failed to prove the Commissioners' determination the petition meets the conditions of R.C.709.033[(A)](6) was unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by a preponderance of substantial, reliable and probative evidence."
{¶ 14} Based on the evidence, the trial court found that the roads the Township claimed to be a maintenance problem as a result of the annexation were in fact already segmented and properly maintained prior to the petition. Because the court found that no road maintenance problem was created by the annexation, the requirement that the City must assume the responsibility to maintain any such roads as a condition of the annexation pursuant to R.C. 709.033(A)(6) was not at issue in this case. Therefore, the court concluded the Township's argument that the City was statutorily required to provide a "formal written maintenance agreement" was without merit.
{¶ 15} This Court's function does not involve a determination as to the weight of the evidence. In re Annexation of 1,544.61Acres (1984), 14 Ohio App.3d 231, 233. Given our limited review, this Court cannot find, as a matter of law, the trial court's holding (that the Township failed to prove the Commissioners' determination that the petition meets the conditions of R.C.709.033(A)(6) was unconstitutional, illegal, arbitrary, capricious, or unreasonable) is not supported by a preponderance of substantial, reliable and probative evidence.
{¶ 16} The Township also argues there was no evidence presented to the Commissioners and trial court which demonstrated that, on balance, the general good of the territory proposed to be annexed would be served, and the benefits to the territory proposed to be annexed and the surrounding area would outweigh the detriments to the territory and the surrounding area pursuant to R.C. 709.033(A)(5). Moreover, it alleges the July 16, 2003, judgment entry gave no sign that the trial court properly considered the evidence before it, nor that it weighed the benefits and detriments as required by R.C. 709.033(A)(5).
{¶ 17} In support of their finding that the petition meets the conditions of R.C. 709.033(A)(5), the Commissioners concluded that, on balance, the general good of the territory proposed to be annexed would be served, and the benefits to the territory proposed to be annexed and the surrounding area would in fact outweigh the detriments to the territory and the surrounding area. The Commissioners' determination was supported by evidence and testimony presented at the public hearing about how the annexation will provide numerous resources needed to improve and benefit the property. Testimony was given that only the City can provide certain opportunities and services to the petitioners which the Township cannot provide, such as water and sanitary sewer utility services, closer law enforcement services, discounted city recreation service rates, and access to unique city high-speed internet and low-priced cable services. The evidence demonstrated that owners of homes and businesses within the property to be annexed would benefit from a reliable clean water supply and sewer system not dependant on personal wells and septic fields.
{¶ 18} The Commissioners found that the City's ability to provide these government resources and basic utility services would give the petitioners an assured ability to invest in and develop their property. Witnesses testified that efforts to make more productive use of the property at issue have been repeatedly frustrated due to the limitations of the Township. There was testimony provided that even modest attempts to develop the land, such as a gas station or truck service stop around the SR 261/I-76 interchange or an area soccer field, have failed due to the Township's inability to provide services or refusal to allow the developments. The Commissioners considered evidence that existing businesses have closed, unable to re-open because they are limited by the Township's policies and restrictions.
{¶ 19} The evidence also demonstrated that, because it would provide the property owners with the ability to develop their land, the annexation would result in jobs for the residents of both the territory and the surrounding area and provide taxes to help support the Wadsworth schools. The Commissioners acknowledged that the ability to develop the land with the help of the City's utility services could increase the real estate tax revenue for both the territory and surrounding area. The City also presented evidence that the annexation will completely relieve the Township of responsibility and costs to service the territory. In addition, under R.C. 709.19, the Township will continue to receive real estate tax income for the territory for twelve years after the completion of the annexation. The Commissioners concluded these numerous benefits to the territory and the surrounding area would outweigh the potential detriments as a result of the annexation.
{¶ 20} Lastly, the Township argues the trial court erred in finding the area to be annexed was not unreasonably large pursuant to R.C. 709.033(A)(4). It asserts the Commissioners should have denied the annexation because it fails to satisfy the three-prong test. Specifically, the Commissioners failed to properly consider the third prong of the test and examine the effect of the annexation on the remaining township territory properties. Subsequently, the Township argues the trial court erred in affirming the Commissioners' grant of the petition for annexation.
{¶ 21} This Court has held that when a Board of County Commissioners determines whether an area to be annexed is unreasonably large, it must consider the following:
"(1) the geographic character, shape, and size of the territory to be annexed in relation to the territory to which it will be annexed, and in relation to the territory remaining after the annexation is completed; (2) the ability of the annexing city to provide the necessary municipal services to the added territory; and (3) the effect on remaining township territory if annexation is permitted." (Citations omitted.) CMK, Ltd. at ¶ 13. See, also, In re: The Proposed Annexation of 222.71 Acres (Sept. 12, 2001), 9th Dist. No. 20563; In re: Annexation of 1,544.61 Acres
(1984), 14 Ohio App.3d 231, 233.
{¶ 22} In support of their finding that the petition meets the conditions of R.C. 709.033(A)(4), the Commissioners concluded the territory proposed to be annexed did satisfy the three-prong test and was not unreasonably large. The evidence demonstrated the territory encompassed 331.2142 acres of land located on the northeast side of the City that is directly contiguous to it along a shared 1515.78 foot border. The land extends eastward from the City to the I-76 and SR 261 interchange. Evidence was provided to show the City has annexed similar sized parcels of land in the past.
{¶ 23} The Commissioners also considered the testimony of Chris Easton, the City's Assistant Service Director, who established the City's ability to provide the necessary municipal services to the added territory. Mr. Easton testified the City has the capacity to produce and treat 3 million gallons of water a day and only currently uses an average of 2.2 million gallons of water a day. Evidence was presented that, in addition to water, the City could easily provide the territory with other municipal services and benefits that the Township cannot provide to the petitioners.
{¶ 24} After reviewing the evidence and testimony before it, the Commissioners concluded that, while there was great need and desire among the petitioners to obtain the ability and municipal resources to develop their land, the annexation would have little, if any, detrimental effect on the surrounding Township area. Testimony was presented to demonstrate that the territory proposed to be annexed produces only $3,800 a year in tax revenue for Wadsworth Township, which has an operating budget that exceeds $1 million a year. Further evidence showed the Township did not depend on the territory for its main tax base. The Commissioners also noted the Township would no longer have to use its funds to service the territory; instead, it would end up receiving significantly greater real estate tax income for 12 years after the land is annexed and developed due to the post annexation tax sharing rules of R.C. 709.19.
{¶ 25} Upon review of the above evidence, this Court finds the Township's arguments concerning R.C. 709.033(A)(4)-(5) are without merit. Within its judgment entry, the trial court stated that it had considered the pleadings and briefs and had independently reviewed the complete record of proceedings provided to it. The court concluded from all the evidence that the Commissioners' determination had no procedural or substantive defects which required it to reverse, modify or vacate the annexation. The court specifically stated:
"R.C. 709.033[(A)](4) requires a finding precedent to approval by the Commissioners that the territory proposed to be annexed is not unreasonably large. R.C. 709.033[(A)](5) requires a finding that, on balance, the general good of the territory proposed to be annexed and the surrounding area will outweigh the detriments to the territory proposed to be annexed and the surrounding area, if the annexation petition is granted. Upon review of the record, the Court finds the Appellant's failed to prove the Commissioners' determination the petition meets these two conditions was unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by a preponderance of substantial, reliable and probative evidence."
{¶ 26} The trial court found the record supported the Commissioners' determination the petition met the requirements of R.C. 709.033(A)(4)-(5). Moreover, the court found the record reflected the Township's failure to prove that determination was unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by a preponderance of substantial, reliable and probative evidence.
{¶ 27} Again, this Court's function does not involve a determination as to the weight of the evidence. In re Annexationof 1,544.61 Acres (1984), 14 Ohio App.3d 231, 233. Given our limited review, this Court cannot find, as a matter of law, the trial court's holding that the Township failed to prove the Commissioners' determination that the petition meets the conditions of R.C. 709.033(A)(4)-(5) was unconstitutional, illegal, arbitrary, capricious, or unreasonable is not supported by a preponderance of substantial, reliable and probative evidence.
{¶ 28} This Court finds the trial court did not err in finding the petition met the requirements of R.C. 709.033 and in affirming the Commissioners' decision to grant the annexation. The Township's three assignments of error are overruled.
 III. {¶ 29} Accordingly, the judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
Baird, J., Slaby, J. concur.
[1] This Court notes the Township also briefly asserted within its first assignment of error that the Commissioners improperly considered evidence outside the January 6, 2003 public hearing; however, this argument is waived as the Township did not raise it as error in its appeal at the trial court level. See State v.Childs (1968), 14 Ohio St.2d 56, paragraph three of the syllabus (holding that issues not raised in the trial court are waived).