DECISION AND JOURNAL ENTRY *Page 2 
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Carlisle Township Board of Trustees ("Carlisle Township") appeals the decision of the Lorain County Court of Common Pleas affirming the Lorain County Board of Commissioner's ("Board") decision to allow the annexation of 226.13 acres of land located in Carlisle Township to the City of Elyria ("Land"). We affirm.
 {¶ 2} On February 10, 2005, Elbert Investments, LLC, the United Polish Club, and Westbrook Meadows, Ltd. ("Petitioners") filed an annexation petition with the Board to annex the Land to the City of Elyria ("Petition"). A hearing was *Page 3 
held before the Board on October 24 and October 25, 2005. On February 2, 2006, the Board granted the Petition pursuant to R.C. 709.033
("Decision"). Carlisle Township timely appealed the Decision to the Lorain County Court of Common Pleas. On March 5, 2007, the trial court affirmed the Decision ("Judgment Entry"). Carlisle Township timely appealed the Judgment Entry and raises three assignments of error.
 Assignment of Error One "The trial court erred in affirming the [Board's] decision to allow the annexation by misapplying the `approximate date' standard set forth in O.R.C. § 709.03(D)."
 Assignment of Error Two "The trial court erred in affirming the [Board's] decision to allow the annexation by misapplying the `common good' standard set forth in O.R.C. § 709.033(A)(5)."
 Assignment of Error Three "The trial court erred in affirming the [Board's] decision to allow the annexation by misapplying the `unreasonably large' standard set forth in In re: Petition to Annex 331.2142 Acres of Land, 2004-Ohio-1425 (9th Dist. 2004)."
 {¶ 3} Carlisle Township appeals the Judgment Entry asserting that the trial court erred in affirming the Decision for three reasons: (1) Elyria Ordinance No. 2005-25, which set forth the services Elyria would provide to the Land, failed to include an "approximate date" such services would be provided as required by R.C. 709.033(A)(3) and R.C.709.03(D); (2) evidence failed to establish that the annexation would be for the "general good," as required by R.C. 709.033(A)(5); *Page 4 
and (3) evidence established that the Land is "unreasonably large" in violation of R.C. 709.033(A)(4), which term has been defined by this Court in In re: Petition to Annex 331.2142 Acres of Land, 9th Dist. No. 03CA0101-M, 2004-Ohio-1425, at ¶ 21.
 {¶ 4} As we stated in In re Petition to Annex 331.2142 Acres, "[a]n order affirming a petition to annex a property may be appealed pursuant to R.C. 2506.01." Id. at ¶ 7, citing Smith v. Granville Twp. Bd. ofTrustees (1998), 81 Ohio St.3d 608, 612. A trial court reviews an administrative order pursuant to R.C. 2506.04, which states:
 "[T]he court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code."
 {¶ 5} This Court explained the review process for an appeal of a grant of a petition for annexation in In re Petition to Annex 331.2142Acres, in which we stated:
 "`The administrative ruling is initially appealed to the court of common pleas, which weighs the evidence in the record and may consider new or additional evidence. Smith, 81 Ohio St.3d at 612, 693 N.E.2d 219, citing Dudukovich v. Lorain Metro. Hous. Auth. (1979), 58 Ohio St.2d 202, 207, 389 N.E.2d 1113. The decision of *Page 5 
the court of common pleas may then be appealed to an appellate court on questions of law. Smith, 81 Ohio St.3d at 613, 693 N.E.2d 219. An appellate court's function, however, does not involve a determination as to the weight of the evidence. In re Annexation of 1,544.61 Acres, (1984), 14 Ohio App.3d 231, 233, 14 Ohio B. 259, 14 Ohio App.3d 231, 470 N.E.2d 486. This Court's inquiry is limited to a determination of whether we can say, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence. Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34, 12 Ohio B. 26, 12 Ohio St.3d 30, 465 N.E.2d 848; see, also, Dudukovich, 58 Ohio St.2d at 208, 389 N.E.2d 1113." CMK, Ltd. v. Bd. of County Commrs., 9th Dist. No. 02CA008185, 2003-Ohio-5160, at ¶ 7.'" Id. at ¶ 8.
 {¶ 6} The Board may grant a petition for annexation pursuant to R.C.709.033, which states, in relevant part:
 "(A) After the hearing on a petition for annexation, the board of county commissioners shall enter upon its journal a resolution granting the annexation if it finds, based upon a preponderance of the substantial, reliable, and probative evidence on the whole record, that each of the following conditions has been met:
 * * *
 "(3) The municipal corporation to which the territory is proposed to be annexed has complied with division (D) of section 709.03 of the Revised Code.
 "(4) The territory proposed to be annexed is not unreasonably large.
 "(5) On balance, the general good of the territory proposed to be annexed will be served, and the benefits to the territory proposed to be annexed and the surrounding area will outweigh the detriments to the territory proposed to be annexed and the surrounding area, if the annexation petition is granted. As used in division (A)(5) of this section, `surrounding area' means the territory within the unincorporated area of any township located one-half mile or less from any of the territory proposed to be annexed." *Page 6 
 {¶ 7} Here, Carlisle asserts that the Decision was not supported by a preponderance of the substantial, reliable and probative evidence with regard to R.C. 709.033(A)(3)-(5). Accordingly, Carlisle maintains that the trial court erred in affirming the Decision.
 R.C. 709.033(A)(3) {¶ 8} R.C. 709.033(A)(3) requires the petitioner to comply with R.C.709.03(D), which states:
 "Upon receiving the notice described in division (B)(1) of this section, the legislative authority of the municipal corporation shall adopt, by ordinance or resolution, a statement indicating what services the municipal corporation will provide, and an approximate date by which it will provide them, to the territory proposed for annexation, upon annexation." (Emphasis added).
 {¶ 9} The Board asserts that Elyria ordinance 2005-25 complies with R.C. 709.03(D) and Carlisle disagrees. The ordinance states, in relevant part:
 "Section 1. That the City of Elyria will provide upon annexation to said Territory owned by [Petitioners], the same services that the City regularly and customarily provides to the real property located within the City of Elyria[.]" (Emphasis added).
 {¶ 10} As noted by the trial court and both parties, this is an issue of first impression in Ohio. The trial court notes that because of the length of the annexation process in this case, any specific date picked by Elyria to include in the ordinance would have been arbitrary. The trial court also noted that because the Land was vacant, "no one would be negatively affected by any interruption in *Page 7 
services that may be caused by the omission of a specific date." The Judgment Entry stated:
 "Because the intent of the statute seems to be to protect those in an area proposed for annexation from any interruption in services, and because no such circumstance exists in this case, the phrase `upon annexation' is a sufficient indicator of the approximate date that services would be provided."
 {¶ 11} The Judgment Entry finally noted that, even if a more specific date was required under R.C. 709.03(D), "the parties have substantially complied with all procedural elements of the statute," which is sufficient under R.C. 709.015, which states:
 "The procedural requirements set forth in sections 709.02 to 709.21 of the Revised Code are directory in nature. Substantial compliance with the procedural requirements of those sections is sufficient to grant the board of county commissioner's jurisdiction to hear and render its decision on a petition for annexation filed under those sections. The board shall cure a procedural defect and shall not deny a petition for annexation solely upon the basis of procedural defects."
 {¶ 12} Appellee/Petitioners assert that its date "upon annexation" is better than an "approximate date" as it is a date certain. Petitioners maintain that pursuant to the ordinance, services would be available the day the annexation was granted, which is a definite time, not just an approximate time.
 {¶ 13} We hold that the Judgment Entry on this issue is supported by a preponderance of reliable, probative and substantial evidence. Carlisle's main argument is one of statutory interpretation and construction. Carlisle asserts that because the language "approximate date" is not ambiguous, its language cannot be *Page 8 
"enlarged or construed in any way other than that which its words demand." Kneisley v. Lattimer-Stevens Co. (1988), 40 Ohio St.3d 354,357. We do not need to determine whether the words "approximate date," are ambiguous as they are, by their very nature, not intended to mean a date certain. We hold that there is a preponderance of reliable, probative and substantial evidence to support the trial court's determination that "upon annexation" is an approximate date sufficient to satisfy either R.C. 709.03 or R.C. 709.15. See 50/50 Construction,Inc. v. Mole Construction Co. (Sept. 16, 1983), 6th Dist. No. L-83-002.
 R.C. 709.033(A)(5) {¶ 14} Carlisle asserts that, in determining whether the annexation would serve the general good of the Land and surrounding territory, the trial court disregarded the expert testimony of Mark Majewski who, according to Carlisle Township, "showed that the detriments caused by the annexation to the area to be annexed and to the unincorporated area of the Township within one-half (1/2) mile outweighed the benefits to the area." Petitioners argue that the trial court did not disregard Mr. Majewski's testimony, it just balanced it against other testimony that demonstrated that Land and surrounding territory would benefit from the annexation. We agree.
 {¶ 15} The trial court found that the Board's decision that, "the general good standard had been met by Petitioners" was "supported by a preponderance of the evidence." The court noted that Petitioners produced evidence that, "all *Page 9 
property owners in the territory proposed for annexation would benefit from City sewer access, as well as other services such as full-time police and fire departments." The trial court summarized other evidence produced by the Petitioner:
 "[T]he surrounding area as well as the area proposed for annexation would benefit from new housing stock that would spur additional growth and development[;]
 * * *
 "the annexation would result in financial gain for the Township in the twelve years immediately following the annexation[.]
 {¶ 16} The court also concluded that, "sewer access is a legitimate reason for annexation. See Bakies v. Perrysburg, 108 Ohio St.3d 361,2006-Ohio-1190; Clark v. Green Cty. Combined Health Dist.,108 Ohio St.3d 427, 2006-Ohio-1326." (Emphasis sic).
 {¶ 17} The trial court did not disregard Mr. Majewski's testimony, but instead weighed it against that of the Elyria safety services director and county engineer who refuted Mr. Majewski's testimony by testifying that "the City can and will provide the necessary services to the area, that the City has annexed parcels of similar shape and size in the past, and that road maintenance will not be a problem once the City assumes maintenance duties as specified in the services ordinance." *Page 10 
 {¶ 18} We hold that the trial court's determination that the annexation supported the general good is supported by a preponderance of reliable, probative and substantial evidence.
 R.C. 709.033(A)(4) {¶ 19} Carlisle finally argues that the trial court erred in disregarding the expert testimony offered by Carlisle of the "shoe-string" effect on Carlisle and the damage that would occur to the sense of community of Carlisle after annexation, when it determined that the Land was not unreasonably large. Petitioners argue that the trial court properly applied the "unreasonably large" standard set forth by this Court in In re Annexation of 1,544.61 Acres of NorthhamptonTwp., 14 Ohio App.3d 231. We agree.
 {¶ 20} In In re Annexation of 1,544.61 Acres, we set forth the standard by which to determine whether property to be annexed is unreasonably large under R.C. 709.033(A)(4), stating that "`[a]ny issue of `reasonableness' necessitates a comparison, a weighing of pros and cons. Therefore, the determination of [what is] unreasonably large requires a three-pronged analysis * * *:
 "`(1) the geographic character, shape and size (acreage) of the territory to be annexed in relation to the territory to which it will be annexed (the city), and in relation to the territory remaining after the annexation is completed (the remaining Township area); * * *
 "`(2) the ability of the annexing city to provide the necessary municipal services to the added territory. (Geographic as well as financial `largeness' may be considered. * * *) *Page 11 
 "`(3) the effect on remaining township territory if annexation is permitted. If the territory sought to be annexed is so great a portion of the township's tax base that the annexation would render the remaining township incapable of supporting itself, then the Board might reasonably conclude the proposed annexation is unreasonably large, although such annexation would benefit the territory sought to be annexed.'" Id. at 233, quoting Herrick v. Bd. of County Commrs. (Jan. 23, 1980), 9th Dist. No. 9425, at 6.
See, also In re Petition to Annex 331.2142 Acres, 2004-Ohio-1425, at ¶ 21.
 {¶ 21} The trial court considered Carlisle's expert testimony and noted that the Board had weighed it against other factors, "including prior annexations into the City that were of irregular shape, as well as the testimony of the Elyria safety service director that the City could and would service such a territory and that the City had had no problems in the past when it annexed similarly shaped parcels." The Judgment Entry also pointed out that 100% of the property owners of the Land were in favor of the annexation and that the Petitioners could have added other property to arbitrarily make the Land more regular in shape as long as at least 50% of the property owners would have signed the annexation petition. The trial court then cited to other cases with land of similar shape and size that were found not to be unreasonably large.
 {¶ 22} As to the second of the "unreasonably large" factors, the trial court again noted the Elyria safety director's testimony that the city was willing and able to provide services to the Land upon annexation.
 {¶ 23} Finally, as to the third "unreasonably large" factor, the trial court found that, "there will clearly be a significant increase in revenue for the area after *Page 12 
annexation, * * * the effect on [Carlisle's] ability to continue to provide services to its residents will be minimal, * * * the City has further agreed to assume road maintenance on road that will be segmented by annexation."
 {¶ 24} Accordingly, we hold that the trial court's determination that the Land was not unreasonably large is supported by a preponderance of reliable, probative and substantial evidence.
 {¶ 25} Each of Carlisle's assignments of error is overruled and the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 13 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
LYNN C. SLABY FOR THE COURT
 MOORE, P. J. DICKINSON, J. CONCUR *Page 1