DECISION AND JOURNAL ENTRY
{¶ 1} Appellants Donald Vance, Lydia Vance, Dorothy Olmstead (collectively "Landowners"), their agent Amie L. Bruggeman, and the City of Wadsworth ("City") (collectively "Appellants") appeal from their judgment in the Medina County Court of Common Pleas. This Court affirms in part and reverses in part.
 I {¶ 2} On March 24, 2006, Landowners filed a petition for annexation requesting that 139.6205 acres of property be annexed from Wadsworth Township ("Township") to the City. The property owners and signatories to the original petition were Donald Vance, Lydia Vance, Dorothy Olmstead (Mr. Vance's sister who lives Virginia), and Thelma R. Vance.[1] That same *Page 2 
document authorized Amie L. Bruggeman to act as an agent for the petitioners for the purposes of annexation. On June 2, 2006, Bruggeman filed an amendment to the original petition whereby the annexation request was reduced from 139.6205 to 91.0765 acres, effectively removing the parcels owned by Thelma R. Vance, and reducing the size of the parcel seeking annexation that was owned by Donald and Lydia Vance by approximately 37 acres. Landowners did not re-sign a new signature page when the amended petition was filed; the amended petition was filed with copies of the signature page from the original petition.
 {¶ 3} The Medina County Board of County Commissioners ("Board") held an evidentiary hearing on the amended petition on July 31, 2006, which was later re-convened and concluded on August 15, 2006. On September 11, 2006, the Board voted unanimously to grant the amended petition. The Township later appealed the Board's decision to the Medina Court of Common Pleas pursuant to R.C. 2506.01. After a hearing and briefing on the matter, the court reversed the Board's decision on the sole grounds that the Board was without the authority to grant Landowners' amended petition for annexation because it included photocopies of Landowners' signatures, not handwritten signatures. Appellants now collectively assert the following six assignments of error on appeal. We have combined and rearranged several assignments of error for ease of analysis.
 II Landowners' Second Assignment of Error "THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO APPLY THE PROPER LEGAL STANDARD IN DETERMING (sic) WHETHER THE PROCEDURAL REQUIREMENTS OF R.C. 709.02 WERE MET." *Page 3 
 {¶ 4} In their second assignment of error, Appellants argue that the trial court conducted a de novo review of the Board's decision, rather than reviewing the decision under an abuse of discretion standard. We disagree.
 {¶ 5} R.C. 2506.01 allows a party to appeal administrative decisions regarding annexation to the common pleas court. In making a determination on the appeal, the common pleas court:
 "[M]ay find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court." R.C. 2506.04
"[W]hen a party brings a Section 2506 appeal a virtual de novo
examination of the record is conducted by the court pursuant to R.C. 2506.04." (Emphasis in original.) In re Petition to Annex 320 Acres tothe Village of S. Lebanon (1992), 64 Ohio St.3d 585, 594. "[W]hile the hearing before the trial court `pursuant to R.C. 2506.01 is not denovo, it often in fact resembles a de novo proceeding.'" (Emphasis in original.) Witschey v. Medina Cty. Bd. of Commrs., 9th Dist. No. 06CA0009-M, 2006-Ohio-5135, at ¶ 9, quoting Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34.
 {¶ 6} Here, the trial court held an evidentiary hearing and received briefing on several contested issues surrounding Landowners' annexation petition. The trial court correctly stated in its judgment entry that it reviewed Landowners' appeal pursuant to the standard set forth in R.C. 2506.01. Our review of record convinces us that the trial court applied the correct standard of review in this matter pursuant to the statutory provision *Page 4 
annunciated in R.C. 2506.01. Thus, Landowners' argument is without merit and their second assignment of error is overruled.
 City's First Assignment of Error "THE TRIAL COURT ERRED IN DETERMINING THAT THE AMENDED PETITION FOR ANNEXATION WAS NOT PROPERLY FILED AND FOR THAT REASON FINDING THAT THE BOARD OF COUNTY COMMISSIONERS DID NOT HAVE THE AUTHORITY TO GRANT THE PETITION[.]"
 Landowners' Fourth Assignment of Error "THE TRIAL COURT APPLIED THE WRONG STANDARD OF REVIEW IN REVIEWING WHETHER THE BOARD PROPERLY EXERCISED ITS DISCRETION IN ALLOWING PETITIONERS TO AMEND THE ORIGINAL PETITION AND IN FINDING THAT THE REQUIREMENTS OF R.C. 709.02 WERE MET."
 {¶ 7} Appellants assert that the trial court erred in reversing the Board's decision granting annexation because it required strict compliance to annexation procedures in contradiction to the statutory directive otherwise. Specifically, Appellants argue that the requirements of R.C. 709.015 are directory in nature and require only substantial compliance, not absolute compliance. We agree.
 {¶ 8} Appellate review of the trial court decision under R.C. 2506.04
"is more limited in scope and requires the court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence."Smith v. Granville Twp. Bd. of Trustees (1998), 81 Ohio St.3d 608, 613, quoting Kisil, 12 Ohio St.3d at 34. An appellate court's review, however, does "not include the same extensive power to weigh the preponderance of substantial, reliable and probative evidence, as is granted to the common pleas court. * * * Appellate courts must not substitute their judgment for those of an administrative agency or a *Page 5 
trial court absent the approved criteria for doing so." (Internal quotations omitted.) Henley v. Youngstown Bd. of Zoning Appeals (2000),90 Ohio St.3d 142, 147, quoting Lorain City School Dist. Bd. of Edn. v.State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 261.
 {¶ 9} Central to this appeal is the statutory language that governs annexation under R.C. 709, et seq. Specifically, the interplay between the procedural requirements for annexation pursuant to R.C. 709.02 and how those requirements are effectuated pursuant to R.C. 709.015. Under R.C. 709.02(B), owners of real estate can seek annexation by filing a petition with the board of county commissioners. R.C. 709.02(C) requires that the petition shall contain:
 "(1) The signatures of a majority of the owners of real estate in the territory proposed for annexation. The person who signs or the circulator of the petition also shall write the date the signature was made next to the owner's name. No signature obtained more than one hundred eighty days before the date on which the petition is filed shall be counted in determining the number of signers of the petition. * * *
 "(2) An accurate legal description of the perimeter and an accurate map or plat of the territory proposed for annexation;
 "(3) The name of a person or persons to act as agent for the petitioners. The agent for the petitioners may be an official, employee, or agent of the municipal corporation to which annexation is proposed."
R.C. 709.015 then instructs how the aforementioned procedural requirements should be enforced:
 "The procedural requirements set forth in sections 709.02 to 709.21 of the Revised Code are directory in nature. Substantial compliance with the procedural requirements of those sections is sufficient to grant the board of county commissioners jurisdiction to hear and render its decision on a petition for annexation filed under those sections. The board shall cure a procedural defect and shall not deny a petition for annexation solely upon the basis of procedural defects."
The court's review of a statute requires that, "where the language * * * is clear and unambiguous, * * * the court [must] * * * enforce the statute as written, making neither additions to the statute nor subtractions therefrom." Hubbard v. Canton City School Bd. of Edn.,97 Ohio St.3d 451, *Page 6 2002-Ohio-6718, at ¶ 14. "If it is ambiguous, we must then interpret the statute to determine the General Assembly's intent. If it is not ambiguous, then we need not interpret it; we must simply apply it."State v. Hairston, 101 Ohio St.3d 308, 2004-Ohio-969, at ¶ 13.
 {¶ 10} The facts in this case are not in dispute, therefore, the appeal before us presents solely a question of law. The trial court determined that the amended petition did not comply with R.C. 709.02's requirements because it did not bear the "written handwriting" of Landowners, thus the Board was divested of its jurisdiction to decide annexation in this matter. We disagree.
 {¶ 11} In attempting to resolve whether a photocopy of a signature could be considered a "signature" under R.C. 709.02, the trial court sought direction from other sections of the Revised Code that define this term. Specifically, the court adopted the definition of "signature" found in R.C. 3501.011 that applies to election matters and political communications. There, it defines a signature as "person's written, cursive-style legal mark written in that person's own hand." R.C. 3501.011(A). Because it is undisputed that photocopies of the original signatures were not obtained and attached to the amended petition, the trial court determined the amended petition was not properly before the Board.
 {¶ 12} We, instead, look to the annexation statutes themselves which underwent a comprehensive reform in 2001 and brought substantial changes to R.C. 709, et seq. We believe that, if the legislature deemed it necessary to include such an exacting requirement regarding a property owner's signature in a petition for annexation, it had the opportunity to do so, and did not, unlike it later did in matters relating to election petitions. 2001 Ohio S.B. 5; see, also, State ex rel. ButlerTwp. Bd. of Trustees v. Montgomery Cty. Bd. of Commrs.,112 Ohio St.3d 262, 2006-Ohio-6411, at ¶ 6 (discussing changes made to portions of R.C. 709.02, specifically *Page 7 
defining and detailing who the term "owner" was meant to include). Rather, the legislature enacted R.C. 709.015 as part of the 2001 annexation reform, where it expressly stated that the "procedural requirements set forth in 709.02 to 709.21 * * * are directory in nature" and that "[substantial compliance with th[ose] procedural requirements * * * is sufficient to grant the board of county commissioners jurisdiction." In addition, in an attempt to prevent circumstances like the one before us today, the statute further mandated that the board of commissioners "cure a procedural defect and shall not deny a petition for annexation solely upon the basis of procedural defects[,]" which is effectively the result that occurred here given the trial court's decision in this case. R.C. 709.015.
 {¶ 13} Equally as compelling to us, however, is the language contained in paragraph 11 of the original petition where petitioners state that "Amie L. Bruggeman * * * is to act as agent for Petitioners and is granted full authority to perform whatever acts are required in pursuit of [their] annexation." The statutes governing annexation specifically contemplate the use of an agent in annexation procedures as well as the need for amending a petition. Specifically, R.C. 709.031 governs amendments to petitions and allows that:
 "(B) The petition may be amended without further notice by leave of the board of county commissioners and with the consent of the agent for the petitioners if the amendment does not add to the territory embraced in the original petition and is made at least fifteen days before the date of the hearing. * * *"
 {¶ 14} In light of the express authorization Landowners granted to Bruggeman to act as their agent and the provision that allows for a petition's amendment "with the consent of the agent," we fail to see how Bruggeman acted outside the scope of her authority as an agent or in a manner unpermitted by statute when she attached Landowners' signatures from the original petition to the amended one. *Page 8 
 {¶ 15} In determining that Landowners were required to resign the amended petition for it to be properly before the Board for consideration, the trial court relied on a case from the Second District Court of Appeals, Moore v. Union Twp. Bd. of Trustees, et al, 2d Dist. No. 2002 CA 44, 2003-Ohio-914. We find this case wholly distinguishable from the case at bar. In Moore, the petitioner's agent had the property owners sign two blank petitions and later completed the acreage and property owner information. Moore at ¶ 2-3. At the hearing on the petition, several property owners who had signed the petition appeared in objection to the annexation, and the agent subsequently withdrew the petition. Id. at ¶ 3. The agent later re-filed the petition seeking annexation for a stated 38 property owners, but had signatures of only 24 owners and had correction fluid which changed some of the pertinent information on the pages that property owners had signed. Id. at ¶ 4. Furthermore, the petition still included signatures of owners who appeared at the first hearing in objection to the annexation. Id.
 {¶ 16} We consider Moore the antithesis of this case. Here, the property owners, who are all related, were seeking annexation of their land and knowingly signed an unaltered petition that was complete upon filing. The property owners, other than the one living out of state, both appeared and testified at the hearing in support of annexation. The amended petition included one less owner than the original petition, (who accounted for only 11 of the 139 acres included in the original petition) and sought annexation of a smaller portion of land, but in essence constituted the same parties and a smaller amount of the same property as was in the original petition. Therefore, we findMoore inapposite to the matter before us and reject the trial court's reasoning that Moore should govern the outcome of this case.
 {¶ 17} The Township is asking this Court to require strict compliance with R.C. 709.02, while at the same time asking us to read a requirement into the statute that simply is not there. *Page 9 
We decline to do so. Even if we were to determine that R.C. 709.02
required a handwritten signature as the Township requests, given the facts of this case, we conclude that the copies of Landowners' signatures would have, in fact, substantially complied with the procedural requirements given the corresponding directive set forth in R.C. 709.015. See Carlisle Twp. Bd. of Trustees v. Elyria, 9th Dist. No. 07CA009142, 2008-Ohio-1125, at ¶ 11-13 (holding that the term "upon annexation" substantially complied with R.C. 709.03(D)'s requirement to provide an approximate date upon which municipal corporation would provide services to the annexed property). The Supreme Court has held that "the spirit and purpose of the annexation laws of Ohio are to encourage annexation to municipalities and to give weight to the requests of property owners relative to the governmental subdivision in which they desire their property to be located." Smith v. Granville Twp.Bd. of Trustees (1998), 81 Ohio St.3d 608, 614. To preclude annexation based on the technicality that these same property owners did not reaffix their handwritten signature to the amended petition is directly contradictory to the statutory directive set forth in R.C. 709.015.
 {¶ 18} We consider the statutory language at issue here to be clear and unambiguous. When applying the statutes in unison on the facts of this case, we consider the inclusion of signature copies from the original petition, attached to an amended petition as evidence of "substantial compliance with [R.C. 709.02's] procedural requirements" and well within the expected conduct of a petitioner's agent. R.C. 709.015 and 709.032. The statute does not include language requiring that an annexation petition bear an "original" or "actual" signature, as the Township argues. Furthermore, the statute does not require a "written handwriting" as the trial court determined, nor does it expressly prohibit the submitting a photocopy of the signature. *Page 10 
Therefore, we are not willing to make that "addition to the statute" by requiring an original written handwriting to an amended petition as the trial court did. See Hubbard, supra.
 {¶ 19} Accordingly, we find that the trial court erred as a matter of law in finding the Board lacked the jurisdiction to act on Landowners' amended petition because it included photocopies of their signatures. Landowners' fourth assignment of error is sustained, as is the City's sole assignment of error.
 Landowners' First Assignment of Error "THE TRIAL COURT ERRED IN REVERSING THE BOARD'S DECISION BASED SOLELY UPON AN ALLEGED PROCEDURAL OBJECTION THAT WAS NOT TIMELY RAISED DURING THE ADMINISTRATIVE PROCEEDINGS AND THUS WAS WAIVED AS A MATTER OF LAW."
 Landowners' Third Assignment of Error "THE TRIAL COURT ERRED AS A MATTER OF LAW IN REVERSING THE BOARD'S ORDER BASED UPON AN ALLEGED PROCEDURAL DEFECT THAT DID NOT CAUSE ANY PREJUDICE TO THE TOWNSHIP AND CANNOT BE USED TO DENY A PETITION FOR ANNEXATION UNDER R.C. 709.015."
 Landowners' Fifth Assignment of Error "THE TRIAL COURT ERRED IN FAILING TO AFFIRM THE BOARD'S DECISION TO GRANT THE PROPOSED ANNEXATION."
 {¶ 20} In their remaining assignments of error, Landowners argue that the Township waived its right to any procedural objection because the Township did not raise the validity of the signatures as an issue during the hearing. Landowners further maintain that R.C. 709.015 requires the Board cure any procedural defects, and if not cured, that such defects cannot serve as the basis for denying annexation, absent a showing of prejudice. Landowners also assert that the trial court erred by failing to uphold annexation on the merits of their petition, which the Board granted. Because we have determined that the trial court erred as a matter of law in applying the *Page 11 
annexation statutes, Landowners' aforementioned arguments are now moot. See App. R. 12(A)(1)(c).
 III {¶ 21} Landowners' second assignment of error is overruled. The City's sole assignment of error and Landowners' fourth assignment of error are sustained. Landowners' first, third, and fifth assignments of error are moot. The judgment of the Medina County Court of Common Pleas is affirmed in part, reversed in part and the cause remanded for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed equally to both parties. *Page 12 
SLABY, J. CONCURS
MOORE, P. J. CONCURS IN JUDGMENT ONLY
[1] Donald M. Vance signed for Thelma R. Vance under a Power of Attorney he held for her. *Page 1