[Cite as *Hinckley Twp. v. Calvin*, 2025-Ohio-504.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF MEDINA | ) | | |

HINCKLEY TOWNSHIP, OHIO

    Appellant

    v.

DANIEL P. CALVIN, AGENT FOR
PETITIONER, et al.

    Appellees

C.A. No.    2023CA0079-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    2023 CIV 0433

DECISION AND JOURNAL ENTRY

Dated: February 18, 2025

CARR, Judge.

**{¶1}** Appellant Hinckley Township ("Hinckley") appeals the judgment of the Medina County Court of Common Pleas affirming the decision of the Medina County Board of Commissioners ("the Board") granting a petition for annexation of a parcel into Appellee the City of Brunswick ("Brunswick"). This Court affirms.

I.

**{¶2}** In February 2023, Petitioner-Appellee West 130th Route 303 LLC filed a petition for annexation pursuant to R.C. 709.02 for the annexation of a single, approximately 5-acre, parcel in Hinckley to Brunswick. West 130th Route 303 LLC is owned by Isomer Group, which in turn is owned by Drug Mart. West 130th Route 303 LLC named attorney Appellee Daniel P. Calvin as its appointed agent. West 130th Route 303 LLC sought to develop the parcel as a Drug Mart store. When West 130th Route 303 LLC encountered some difficulties in the development process

with Hinckley, West 130th Route 303 opted to file a petition for annexation of the parcel to Brunswick.

{¶3} A hearing was held before the Board in April 2023, at which several witnesses testified, and numerous exhibits were presented. In May 2023, the Board issued a resolution granting the petition for annexation. The resolution contained findings of fact related to the six statutory factors. Hinckley appealed to the Medina County Court of Common Pleas. Following briefing, the lower court issued a decision affirming the decision of the Board.

{¶4} Hinckley has appealed, raising two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE BOARD ERRED IN GRANTING PETITIONER'S PETITION FOR ANNEXATION BECAUSE PETITIONER FAILED TO SATISFY THE REQUIREMENTS OF R.C. 709.033(A)(6), TO WIT, THAT "[N]O STREET OR HIGHWAY WILL BE DIVIDED OR SEGMENTED BY THE BOUNDARY LINE BETWEEN A TOWNSHIP AND THE MUNICIPAL CORPORATION AS TO CREATE A ROAD MAINTENANCE PROBLEM, OR, IF A STREET OR HIGHWAY WILL BE SO DIVIDED OR SEGMENTED, THE MUNICIPAL CORPORATION HAS AGREED, AS A CONDITION OF THE ANNEXATION, THAT IT WILL ASSUME THE MAINTENANCE OF THAT STREET OR HIGHWAY."

{¶5} Hinckley argues in its first assignment of error that the trial court erred in affirming the decision of the Board because the Petitioner failed to meet its burden to demonstrate that R.C. 709.033(A)(6) was satisfied.

{¶6} "An order affirming a petition to annex a property may be appealed pursuant to R.C. 2506.01." *In re Petition to Annex 331.2142 Acres*, 2004-Ohio-1425, ¶ 7 (9th Dist.), citing *Smith v. Granville Twp. Bd. of Trustees*, 81 Ohio St.3d 608, 612 (1998). The scope of the review by a court of such an administrative order is set forth in R.C. 2506.04, which states:

The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code.

{¶7} "The administrative ruling is initially appealed to the court of common pleas, which weighs the evidence in the record and may consider new or additional evidence." *In re Petition to Annex 331.2142 Acres* at ¶ 7, quoting *Smith* at 612, citing *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 207 (1979). "The decision of the court of common pleas may then be appealed to an appellate court on questions of law." *In re Petition to Annex 331.2142 Acres* at ¶ 7. "An appellate court's function, however, does not involve a determination as to the weight of the evidence." *Id.* "This Court's inquiry is limited to a determination of whether we can say, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." *Id.*

{¶8} R.C. 709.033 governs a board of county commissioners' determination to grant a petition for annexation. This Court has stated that, "[f]or an annexation to be approved by the commissioners, the petitioners are required to show at a hearing, based on a preponderance of the evidence, that each of the six elements set forth in R.C. 709.033(A) have been met." *Bd. of Twp. Trustees for Eaton Twp. v. KNG, Ltd.*, 2023-Ohio-1621, ¶ 9 (9th Dist.).

{¶9} R.C. 709.033(A) provides:

After the hearing on a petition for annexation, the board of county commissioners shall enter upon its journal a resolution granting the annexation if it finds, based upon a preponderance of the substantial, reliable, and probative evidence on the whole record, that each of the following conditions has been met:

(1) The petition meets all the requirements set forth in, and was filed in the manner provided in, section 709.02 of the Revised Code.

(2) The persons who signed the petition are owners of real estate located in the territory proposed to be annexed in the petition, and, as of the time the petition was filed with the board of county commissioners, the number of valid signatures on the petition constituted a majority of the owners of real estate in that territory.

(3) The municipal corporation to which the territory is proposed to be annexed has complied with division (D) of section 709.03 of the Revised Code.

(4) The territory proposed to be annexed is not unreasonably large.

(5) On balance, the general good of the territory proposed to be annexed will be served, and the benefits to the territory proposed to be annexed and the surrounding area will outweigh the detriments to the territory proposed to be annexed and the surrounding area, if the annexation petition is granted. As used in division (A)(5) of this section, "surrounding area" means the territory within the unincorporated area of any township located one-half mile or less from any of the territory proposed to be annexed.

(6) No street or highway will be divided or segmented by the boundary line between a township and the municipal corporation as to create a road maintenance problem, or, if a street or highway will be so divided or segmented, the municipal corporation has agreed, as a condition of the annexation, that it will assume the maintenance of that street or highway. For the purposes of this division, "street" or "highway" has the same meaning as in section 4511.01 of the Revised Code.

{¶10} In the lower court, and on appeal, Hinckley challenges whether R.C. 709.033(A)(5) and (A)(6) were satisfied. This assignment of error will focus on R.C. 709.33(A)(6). With respect to this prong, Hinckley asserts that the statute requires an agreement for road maintenance made as a condition of annexation. While its discussion mentions Route 303, its focus is on West 130th Street. We will limit our analysis accordingly.

{¶11} The parcel at issue is located in the southwestern portion of Hinckley. The parcel is bordered to the north by State Route 303, which runs east and west, and West 130th Street to the west, which runs north and south. Brunswick is directly west of the parcel and Hinckley extends north, south, and east of the parcel.

{¶12} The Board made factual findings with respect to the road, which do not appear to have been challenged below, or on appeal. The court of common pleas in turn concluded that the Board's decision was supported with substantial, reliable, and probative evidence and was not unconstitutional, illegal, arbitrary, capricious, or unreasonable. The Board stated that "[t]he centerline of W. 130th Street is the dividing line between the Township of Hinckley and the City of Brunswick, and the entire northbound lane of W. 130th Street is now within Hinckley Township. Upon annexation, the northbound lane of W. 130th Street west of the property to be annexed will become part of the City of Brunswick, but to the north and south of that segment[,] the northbound lane will remain in Hinckley Township." The Board acknowledged that "[t]his [was] a segmentation."

{¶13} However, the record also evidenced that Brunswick had a preexisting maintenance agreement with Medina County that already provided that Medina County would maintain the stretch of West 130th Street at issue both before and after the annexation. Thus, there was evidence that any division or segmentation of the street would not "create a road maintenance problem . . . ." R.C. 709.033(A)(6); *see also In re Petition to Annex 331.2142 Acres*, 2004-Ohio-1425, at ¶ 14 ("Because the court found that no road maintenance problem was created by the annexation, the requirement that the City must assume the responsibility to maintain any such roads as a condition of the annexation pursuant to R.C. 709.033(A)(6) was not at issue in this case."). Because this division or segmentation did not create a road maintenance problem the language that Hinckley points to in the statute is not relevant.

{¶14} Further, we conclude that the facts of this matter are distinguishable from those in *KNG, Ltd. KNG, Ltd.* involved a situation in which there was no existing road maintenance agreement at the time of the annexation proceedings concerning the stretch of road at issue. *See*

*KNG, Ltd.*, 2023-Ohio-1621, at ¶ 11 (9th Dist.). Instead, there was only a resolution authorizing the municipality to enter into such an agreement. *Id.* at ¶ 19. As discussed above, in the instant matter, there was already a road maintenance agreement in place pertaining to the stretch of road at issue prior to the annexation proceedings. Accordingly, this Court concludes that the holding of *KNG, Ltd.* is not determinative of the outcome in this case.

**{¶15}** Hinckley has not demonstrated that the lower court's decision was not supported by a preponderance of reliable, probative and substantial evidence. *See In re Petition to Annex 331.2142 Acres*, 2004-Ohio-1425, at ¶ 7.

**{¶16}** Hinckley's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE BOARD ERRED IN GRANTING PETITIONER'S PETITION FOR ANNEXATION BECAUSE INSUFFICIENT EVIDENCE WAS PROVIDED TO SATISFY R.C. 709.033(A)(5), AND THE BOARD IGNORED LANGUAGE REQUIRING THAT "ON BALANCE, THE GENERAL GOOD OF THE TERRITORY PROPOSED TO BE ANNEXED WILL BE SERVED, AND THE BENEFITS TO THE TERRITORY PROPOSED TO BE ANNEXED AND THE SURROUNDING AREA WILL OUTWEIGH THE DETRIMENTS TO THE TERRITORY PROPOSED TO BE ANNEXED AND THE SURROUNDING AREA, IF THE ANNEXATION PETITION IS GRANTED."

**{¶17}** Hinckley argues in its second assignment of error that the court of common pleas erred in affirming the Board's decision because the record does not support that R.C. 709.033(A)(5) was satisfied.

**{¶18}** The relevant portion of the statute states:

(A) After the hearing on a petition for annexation, the board of county commissioners shall enter upon its journal a resolution granting the annexation if it finds, based upon a preponderance of the substantial, reliable, and probative evidence on the whole record, that . . .

(5) [o]n balance, the general good of the territory proposed to be annexed will be served, and the benefits to the territory proposed to be annexed and the surrounding area will outweigh the detriments to the territory proposed to be annexed and the

surrounding area, if the annexation petition is granted. As used in division (A)(5) of this section, "surrounding area" means the territory within the unincorporated area of any township located one-half mile or less from any of the territory proposed to be annexed.

R.C. 709.033(A)(5).

{¶19} "[T]he fact that the [municipality] is able to provide services does not equate with general good to the territory or with a finding that the benefits to the territory outweigh the detriments." *Scio v. N. Twp. Bd. of Trustees*, 2023-Ohio-2479, ¶ 104 (7th Dist.). Nonetheless, "[t]he existing services can be compared to predicted new services in determining the general good []and [] in determining whether benefits outweigh the detriments[.]" *Id.* "The existence of some benefit must be supported by facts not simply by speculation, beliefs, or desires." *Tuscarawas Twp. Bd. of Trustees v. Stark Cty. Bd. of Commrs.*, 2011-Ohio-5581, ¶ 91 (5th Dist.). "The general good includes both the desires of the property owners and the ability to provide adequate services to the proposed territory." *Witschey v. Medina Cty. Bd. of Commrs.*, 2006-Ohio-5135, ¶ 16 (9th Dist.).

{¶20} "Whether the good of the territory sought to be annexed will be served is a question of fact within the discretion of the board. The determination of such a question of fact can be overturned only upon a finding that it is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence." *In re Annexation of 118.7 Acres in Miami Twp. to Moraine*, 52 Ohio St.3d 124, 132 (1990).

{¶21} Again, "[t]his Court's inquiry is limited to a determination of whether we can say, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." *In re Petition to Annex 331.2142 Acres*, 2004-

Ohio-1425, at ¶ 7.  Given that limited scope of review, we can only conclude that Hinckley has not met its burden.

**{¶22}**  The lower court did not set forth any analysis supporting the conclusion in its entry and so presumably it agreed with the analysis of the Board.  The Board discussed this factor at length in its decision. The Board determined that both communities presented evidence as to the quality of their services and noted that the Drug Mart would be built irrespective of whether annexation took place.  The Board primarily concluded that the good of the territory to be annexed would be served because, if the property were annexed, the property owner would receive a 100% tax abatement.  The Board pointed out that the property manager indicated at the hearing that, based on his experience with both Hinckley and Brunswick, it would be easier and more economical to develop the property through Brunswick.  The property manager specified that initially, Hinckley had stated that a 50% tax abatement for 15 years would be available for the property; however, that tax abatement was later voted down.  While Hinckley later approved the tax abatement months later and after the petition for annexation was filed, Brunswick offered a 100% tax abatement for 15 years.  The property manager estimated that Brunswick's tax abatement would provide over $600,000 in tax savings over the 15 years, which was a substantial amount for the company.

**{¶23}**  With respect to the second part of this statutory prong, i.e. whether "the benefits to the territory proposed to be annexed and the surrounding area will outweigh the detriments to the territory proposed to be annexed and the surrounding area, if the annexation petition is granted[,]" the Board observed that there was not a lot of evidence in the record as to the benefits or detriments to the surrounding area.  R.C. 709.033(A)(5).  This was made more challenging for the Board by the fact that what evidence of benefit or detriment existed was offset by a corresponding benefit

or detriment. For example, the Board noted that Hinckley pointed to a loss in tax revenue, however, this would be offset by Brunswick taking responsibility for providing services to the annexed property. The Board also reiterated that there was a consensus that a Drug Mart would benefit the surrounding area, but it would be built irrespective of annexation and so that fact did not impact the decision. Ultimately, the Board found the benefits and detriments to the surrounding area to be in balance, but the benefits to the property to be annexed outweighed the detriments tipping the scales in favor of annexation.

{¶24} Hinckley argues that the Board's, and in turn the lower court's, decision misapplied the statute and failed to hold Petitioner to its burden. We disagree. The Board engaged in the appropriate analysis and considered the surrounding area in weighing the benefits and detriments and the lower court affirmed the Board's decision. Hinckley has not demonstrated that the decision of the common pleas court was not supported by a preponderance of reliable, probative and substantial evidence. *In re Petition to Annex 331.2142 Acres*, 2004-Ohio-1425, at ¶ 7.

{¶25} Hinckley's second assignment of error is overruled.

### III.

{¶26} Hinckley's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

STEVENSON, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

ALFRED E. SCHRADER, Attorney at Law, for Appellant.

DANIEL P. CALVIN and ANDREA D. UHLER, Attorneys at Law, for Appellee.

KENNETH J. FISHER and DENNIS A. NEVAR, Attorneys at Law, for Appellee.

MICHAEL K. LYONS, Assistant Prosecuting Attorney, for Appellee.