CLARK, APPELLANT, *v.* GREENE COUNTY COMBINED HEALTH DISTRICT, APPELLEE.

[Cite as *Clark v. Greene Cty. Combined Health Dist.*, 108 Ohio St.3d 427, 2006-Ohio-1326.]

(No. 2004–1911—Submitted October 25, 2005—Decided April 5, 2006.)

ALICE ROBIE RESNICK, J.

{¶ 1} Appellant, Thomas D. Clark, owns real property located in Bath Township. In furtherance of his plan to rebuild a home on the property, appellant contacted the city of Fairborn to inquire about the availability of water and sewer service to the property. In a letter dated March 18, 2002, the Fairborn city engineer informed appellant that the city had no present plan to extend its sewer main in the area of appellant's property and that such an extension would cost appellant approximately $18,000.

{¶ 2} Appellant then decided to install a septic system on the property and obtained a Sewage Disposal Installation Permit from appellee, Greene County Combined Health District. Although sanitary sewer service was not accessible to appellant's property at the time the permit was issued, the city of Fairborn did extend its sanitary sewer in front of appellant's property a few months later.

{¶ 3} The Fairborn city engineer notified appellant that the city's sewer main was available for connection. The city engineer further explained that the city of Fairborn would not agree to connect a Bath Township property to its sewer system unless the property owner prepaid certain fees, including the cost of the connection, and unless the owner signed an affidavit stating that he will consent to any future annexation on behalf of himself and successor owners.

{¶ 4} Upon learning that Fairborn had extended its sewer line, appellee rescinded the septic-system-installation permit issued to appellant. Appellee based this decision on Section 2.9 of the Greene County Household Sewage Disposal System Regulations, which requires that "[n]o household sewage disposal system shall be installed, maintained or operated on property accessible to a sanitary sewerage system. (Ohio Administrative Code, Section 3701–29–02–L)." Appellant applied for a variance from this regulation; however, appellee voted not to approve his variance request.

{¶ 5} Appellant appealed the denial of his variance request to the Greene County Court of Common Pleas. The trial court found that appellee had denied the variance request based on a false assumption that the Fairborn sanitary sewer line was accessible to appellant's property. The trial court reasoned that appellee had no control over the accessibility of the Fairborn sanitary sewer system or over Fairborn's decision whether and on what conditions Fairborn would grant a Bath Township resident access to its sewer system. Therefore, the court ruled that appellee was without authority to require that appellant access Fairborn's sanitary sewer system.

{¶ 6} Rather, the trial court concluded that the Fairborn sanitary sewer line was only "conditionally accessible." The court further found that this conditional access to the Fairborn sewer line was loaded with onerous terms such as the city's requirement that appellant consent to any future annexation on behalf of himself and all successor owners.

{¶ 7} Because it found the accessibility of the municipal sewer line to be conditional, the trial court ruled that appellee had incorrectly applied the sewage-disposal requirements prohibiting the installation or operation of a household sewage-disposal system to appellant's request for a variance. Accordingly, the court enjoined appellee from requiring that appellant connect to the Fairborn sewer system unless and until the system is accessible to his property.

{¶ 8} Appellee appealed the trial court's decision to the Second District Court of Appeals. Although the appellate court agreed that appellee had no authority to control the decisions of the city of Fairborn, the court found that appellee did have the authority to control how appellant disposed of sewage from his property. Instead of seeing the key issue in the case as a question of the municipal sewer line's accessibility to appellant's property, the appellate court viewed the issue as whether appellant, by withholding whatever action that might be required for connection to the Fairborn sewer line, may impose a condition that defeats the authority given by law to appellee.

{¶ 9} The appellate court found that although appellant can refuse to take the steps required for connection to the Fairborn line, he risks a nuisance-abatement action by appellee should he attempt to occupy the new house while it is served by a septic system. Further, the court held that appellant's refusal to take the steps for connection does not and cannot constrain appellee's authority to require that property owners abandon household sewage disposal systems when a sanitary sewer system becomes accessible for connection. Accordingly, the appellate court vacated the judgment of the trial court and remanded the cause for an order affirming appellee's connection order.

{¶ 10} The cause is now before this court pursuant to our acceptance of a discretionary appeal.

{¶ 11} R.C. 3709.01 mandates the creation of health districts, including the creation of a "general health district" composed of the townships and villages within a county. As provided in R.C. 3709.07, city health districts may combine with a general health district and contract for the administration of the health district by a combined board of health. The Greene County Combined Health District is made up of the Greene County General Health District and several city health districts, including the Fairborn City Health District.

{¶ 12} Pursuant to R.C. 3709.22, a health district "may * * * provide for the inspection and abatement of nuisances dangerous to public health or comfort, and may take such steps as are necessary to protect the public health and to prevent disease." Further, "[b]oards of health of a general or city health district * * * shall enforce * * * the rules the department of health adopts." R.C. 3701.56.

{¶ 13} Under R.C. 3701.34(A)(1), the Public Health Council, a part of the Department of Health, must establish rules of general application throughout the state. Pursuant to this authority, the Public Health Council established a policy prohibiting the installation or operation of household sewage-disposal systems and requiring connection to a sanitary sewerage system whenever such a system becomes accessible. *DeMoise v. Dowell* (1984), 10 Ohio St.3d 92, 95, 10 OBR 421, 461 N.E.2d 1286.

{¶ 14} Ohio Adm.Code 3701–29–02 states:

{¶ 15} "(L) No household sewage disposal system shall be installed, maintained, or operated on property accessible to a sanitary sewerage system.

{¶ 16} "(M) Whenever a sanitary sewerage system becomes accessible to the property, a household sewage disposal system shall be abandoned and the house sewer directly connected to the sewerage system."

{¶ 17} It is well established that local boards of health have the authority to require that a household sewer be directly connected to a sanitary sewerage system whenever such a system becomes accessible to the property. *DeMoise*, 10 Ohio St.3d 92, 10 OBR 421, 461 N.E.2d 1286, syllabus. This authority applies regardless of the manner by which the sewerage system was constructed. Id. Moreover, such a requirement is not arbitrary or unreasonable and does not constitute a deprivation of due process of law. Id.

{¶ 18} This court has characterized household sewage-disposal systems as a potential hazard to the public health and a potential nuisance that should be prevented whenever possible. Id. at 95–96, 10 OBR 421, 461 N.E.2d 1286. The requirement that a household sewer be directly connected to a sanitary sewerage system whenever such a system becomes accessible "reflects a broad-based policy determination that individual household sewage disposal systems are inherently more dangerous to the public health than sanitary sewerage systems." Id.

{¶ 19} In the present case, the trial court determined that appellee lacked the authority to order that appellant connect to the Fairborn sanitary sewer line because that connection required consent by the city of Fairborn, a matter over which appellee had no control. However, appellee's lack of control is immaterial to the issue of whether appellee can require appellant to abandon his plans for a household septic system and connect his house sewer to the Fairborn line. Appellee certainly has the authority to regulate the sewage-disposal method utilized on appellant's property.

{¶ 20} Here, the Fairborn sanitary sewerage system became accessible to appellant's property when the city extended its sewer line to the property and notified appellant that the line was available for connection upon the satisfaction of certain requirements. The requirements set forth by the city of Fairborn for connection to its sanitary sewer line by a Bath Township property have not been shown to be arbitrary or unreasonable in this case. The fees required by the city to cover the cost of connecting the sewer line to the property are not burdensome. Further, a municipality can require annexation agreements in exchange for providing water and sewer services. *Bakies v. Perrysburg*, 108 Ohio St.3d 361, 2006-Ohio-1190, 843 N.E.2d 1182, at ¶ 33. The mere fact that Fairborn validly imposes conditions on access to its sewer service for extraterritorial users does not mean that its sewer line is not accessible to these extraterritorial properties.

{¶ 21} Moreover, appellant's refusal to take the actions required for connection to the Fairborn sewer line cannot and does not alter the "accessibility" of the sanitary sewer system so as to defeat appellee's authority and duty to enforce the rules adopted by the Department of Health. While appellant is correct that he has the right to decline to consent to the annexation of his property by the city of Fairborn, the prohibition against a septic system on his property and the risk of a nuisance-abatement action should he attempt to operate such a system may make signing the annexation agreement an attractive option. See *State ex rel. Indian Hill Acres, Inc. v. Kellogg* (1948), 149 Ohio St. 461, 476, 37 O.O. 137, 79 N.E.2d 319.

{¶ 22} To define the Fairborn sewer line as inaccessible simply because appellant does not wish to comply with the city's requirements for connection would allow him to negate the authority and duty conferred by law on appellee. Moreover, such a definition is inconsistent with the established policy of the agency charged with protecting the public health that household sewage-disposal systems should be prevented whenever possible. Given that Fairborn extended its sewer line past appellant's property and notified appellant that the line was available for connection, it is unquestionable that appellee has the authority and duty to require that appellant connect his house sewer to the Fairborn line, thus abating the potential nuisance and public health hazard posed by a household sewage-disposal system.

{¶ 23} Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., O'CONNOR and O'DONNELL, JJ., concur.

LANZINGER, J., concurs in judgment only.

PFEIFER and LUNDBERG STRATTON, JJ., concur in part and dissent in part.

---

**PFEIFER, J., concurring in part and dissenting in part.**

{¶ 24} I agree with the majority that "local boards of health have the authority to require that a household sewer be directly connected to a sanitary sewerage system whenever such a system becomes accessible to the property," citing *DeMoise v. Dowell* (1984), 10 Ohio St.3d 92, 10 OBR 421, 461 N.E.2d 1286, syllabus. I do not agree, with respect to a mandatory household connection, that "a municipality can require annexation agreements in exchange for providing water and sewer services." For this proposition, the majority cites *Bakies v. Perrysburg*, 108 Ohio St.3d 361, 2006-Ohio-1190, 843 N.E.2d 1182, at ¶ 33, which does not involve a mandatory household connection.

{¶ 25} Pursuant to their police power, municipalities can require households to connect to a sanitary sewerage system. Even an exercise of otherwise valid police power, however, is constitutional only when it is not unreasonable or arbitrary. *Benjamin v. Columbus* (1957), 167 Ohio St. 103, 4 O.O.2d 113, 146 N.E.2d 854, paragraph five of the syllabus. When both parties consent to a continuation of water and sewer service, as in *Bakies,* it is not unreasonable for a municipality to require the household to submit to annexation as a condition to the continuation of water and sewer service. To require a household to submit to annexation as a condition to a mandatory connection, as in the case before us, is unduly coercive and not reasonable.

{¶ 26} I would reverse the judgment of the court of appeals and reinstate the decision of the trial court.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

———

Cox & Keller and David W. Cox, for appellant.

William F. Schenck, Greene County Prosecuting Attorney, and Thomas C. Miller, Assistant Prosecuting Attorney, for appellee.