[Cite as *State v. Roepke*, 2011-Ohio-6369.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 10 MA 138 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| GLENDA JEAN ROEPKE | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the County Court No. 5, of Mahoning County, Ohio Case No. 09CR00297CNF

JUDGMENT: Affirmed in Part. Reversed in Part. Sentence Vacated. Remanded.

APPEARANCES:

For Plaintiff-Appellee: Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant: Atty. Donald P. Leone
4800 Market Street, Suite D
Youngstown, Ohio 44512

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: December 7, 2011

WAITE, P.J.

**{1}** Appellant Glenda Jean Roepke was notified in 2003 that a sanitary sewer line was accessible to her property and that she was required to abandon her septic system and connect to the sewer line. From 2003 to the present, Appellant has failed to connect to the sanitary sewer line. On June 25, 2010 Appellant pleaded guilty to violating Ohio Health Code due to this failure. Her indictment, plea, and sentence all misidentified the charged violation as a first degree misdemeanor. On appeal Appellant argues her plea was invalid due to the trial court's failure to comply with Crim.R. 44 and Crim.R. 11, and that her sentence should be vacated. In Appellant's argument she misapplies and overstates the law regarding the plea requirements in her second degree misdemeanor offense. Nevertheless, due to an incomplete and contradictory record we cannot fully evaluate whether the trial court complied with Crim.R. 11 and Appellant must be allowed to withdraw her plea for this reason. Additionally, Appellant was sentenced for a first degree misdemeanor when she committed a second degree misdemeanor offense. Appellant, who appeared pro se, was also sentenced to a period of incarceration, to be served in a day reporting program, when pursuant to Crim.R. 44(B) no term of incarceration could be imposed. For these reasons her plea and sentence are vacated and the matter remanded for further proceedings.

PROCEDURAL HISTORY AND HISTORY OF THE CASE

**{2}** From July 1, 2003, Appellant Glenda Jean Roepke continues to be in violation of Administrative Code Section 3701-29-02(M) which provides: "Whenever a sanitary sewage system becomes accessible to the property, a household sewage

disposal system shall be abandoned and the house sewer directly connected to the sewerage system." This Administrative Code Section was adopted pursuant to the powers of the Public Health Council under R.C. 3701.34. Failure to comply with the health code is a violation of R.C. 3701.352, which states that "[n]o person shall violate any rule the public health council, director of health, or department of health adopts or any order the director or department of health issues under this chapter to prevent a threat to the public caused by a pandemic, epidemic, or bioterrorism event." These violations constitute second degree misdemeanors under R.C. 3701.99(C). In this matter, the state's complaint, filed on June 3, 2009, misidentified the violation as an M-1.

{3} The initial pre-trial was held August 5, 2009. A subsequent status conference was rescheduled four times until the matter was finally set for Appellant to enter into a plea agreement on June 25, 2010. On that date, Appellant signed a form acknowledging that she had appeared before the court and was advised of the nature of the charge, her right to counsel, her Crim.R. 44 right to appointed counsel, her right to remain silent, and her right to a speedy trial. Appellant waived her right to a speedy trial. Appellant met with the prosecutor and signed a Crim.R. 11 form. The form indicates that Appellant appeared with counsel, however the transcript of the hearing and subsequent motion to withdraw her plea clearly indicate that she appeared pro se.

{4} Appellant's plea form reflects that she entered her guilty plea to a charge of failure to comply with the health code in violation of R.C. 3701.352, and

that she waived the introduction of evidence. She also acknowledges that the court ordered a $250.00 fine, incarceration for 180 days (150 of which were suspended) and twelve months of non-reporting probation. The thirty (30) days of Appellant's sentence that were not suspended were to be served in the Mahoning County Sheriff's Office Day Reporting Program. Appellant was also ordered to tie into the sanitary sewer within sixty (60) days. This form specified the rights Appellant waived by agreeing to enter a plea: trial by jury, trial to the judge, right to proof beyond a reasonable doubt, right to counsel and to appointed counsel, right to compel witnesses to appear and testify, right to confront and examine witnesses, right to testify or to remain silent. The form acknowledging waiver of rights on plea was signed by both the trial judge and Appellant. The opposite side of the form specifying the plea and sentence were signed by both the prosecutor and Appellant. The form was journalized on June 25, 2010. The docket summary information entered by court staff reflects that Appellant entered a "no contest" plea, as opposed to a guilty plea, and that Appellant was actually found guilty by the court.

{5} On July 16, 2010, through counsel, Appellant sought to withdraw her plea pursuant to Crim.R. 11(C)(2), alleging that she had not made a knowing, intelligent, and voluntary plea and waiver of her right to counsel. The motion was set for hearing on July 20, 2010. The prosecutor filed in opposition, asserting that Crim.R. 11(C)(2) applied only to felony pleas, not misdemeanors, and asked that the motion be denied. The hearing on the motion was reset for August 6, 2010. On August 6, Appellant filed a brief in support of the motion to withdraw her plea. On

that same day, the trial court held its hearing on the motion to withdraw, denied the motion, and stayed Appellant's sentence pending the outcome of her appeal. Appellant, through counsel, had earlier filed a timely notice of appeal on July 26, 2010.

<u>Assignment of Error Number One</u>

{6}    "THAT THE DEFENDANT/APPELLANT IN THIS CASE DID NOT MAKE A KNOWINGLY, INTELLIGENTLY, AND VOLUNTARY WAIVER OF COUNSEL BECAUSE TRIAL COURT DID NOT IN OPEN COURT QUESTION DEFENDANT/APPELLANT AS TO WHETHER DEFENDANT UNDERSTOOD HER RIGHT TO COUNSEL AND WAS WAIVING THAT RIGHT, KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY REQUIRED BY RULE 44(A) OHIO RULES OF CRIMINAL PROCEDURE TO THE PREJUDICE OF BY THE TRIAL COURT DENYING DEFENDANT/APPELLANT RIGHT TO COUNSEL AND MAKING THE PLEA CONTRARY TO LAW SUBJECT TO REVERSAL BY THIS COURT." [SIC]

{7}    Appellant argues in her first assignment of error that her plea was contrary to law and subject to reversal because she was not informed of her right to counsel and was not questioned in open court concerning her waiver of this right pursuant to Crim.R. 44(A).  Criminal Rule 44(A) requires that "[w]here a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at ever stage of the proceedings* * *."  A "serious offense" is defined by Crim.R. 2(C) as, "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months."  Appellant was

charged with a violation of R.C. 3701.352 which, by statute, is a second degree misdemeanor, although in the criminal complaint and subsequent state filings it is misidentified as a first degree misdemeanor. The maximum penalty for a first degree misdemeanor is six months (180 days). The maximum penalty for a second degree misdemeanor is ninety days. R.C. 2929.24 (A)(1)-(2). Both offenses, Appellant's actual second degree misdemeanor and the erroneous first degree misdemeanor referenced by the state, are petty offenses under the criminal rules and are not subject to the representation requirements of Crim.R. 44(A) (a "petty offense" is defined by Crim.R. 2(D) as "a misdemeanor other than a serious offense").

{8} Sections (B) and (C) of Crim.R. 44 however, do apply to petty offenses. The rule provides in pertinent part:

{9} "**(B) Counsel in petty offenses**. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.

{10} "**(C) Waiver of counsel**. Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing."

{11} Pursuant to Crim.R. 44(B) and (C), whether or not a defendant is represented will control the nature of the penalty that may be imposed on that

defendant, unless there is knowing, intelligent and voluntary waiver in the record of the proceedings made by a defendant who was informed in open court of his or her right to counsel. While Crim.R. 44 does control the type of penalty that may be imposed on an unrepresented defendant charged with a petty offense, it does not alter or qualify the ability of such a defendant to enter a guilty plea or a no contest plea, nor does it in any way condition the trial court's ability to accept such a plea.

{12} Although Appellant did sign a form that discussed her right to an attorney and to have an attorney appointed if she could not afford one, the form indicates only that she was waiving her speedy trial rights and does not include an explicit or implicit waiver of her right to counsel. However, the fact that there is no explicit waiver of counsel does not ordinarily, impact, as Appellant argues, the validity of her plea. In the matter at bar, Appellant was charged with a petty offense, not a serious offense. She appeared pro se and entered either a plea of no contest (according to the docket) or a guilty plea (according to the forms on record). This seeming confusion is irrelevant to this issue, because in whatever form she entered her plea would ordinarily be valid. Nothing in Crim.R. 44 voids or invalidates her ability to enter a plea.

{13} Appellant also argues that the trial court was required by Crim.R. 44 to discuss possible defenses and mitigating circumstances when warning Appellant of the dangers of self-representation. Criminal Rule 44 contains no such requirement in connection with petty offenses. Violations of the regulation concerned in this matter are petty offenses; the regulation itself governs public health and safety, and carries

strict liability. *DeMoise v. Dowell* (1984), 10 Ohio St.3d 92, 461 N.E.2d 1286, *Clark v. Greene Cnty. Combined Health Dist.*, 108 Ohio St.3d 427, 2006-Ohio-1326, 844 N.E.2d 330. An inability to pay is not a defense for non-compliance. *State v. Boyer*, 6th Dist. No. WD 09-045, 2010-Ohio-935 (The Sixth District Court of Appeals affirmed a $10,000.00 fine for failure to connect during the original 120-day period, and during the extension allowed by the trial court, despite the defendant's assertion that she had attempted to connect, but was unable to pay for the necessary work.). Even if Crim.R. 44 contained the type of requirement Appellant claims, it appears there are no defenses or mitigating circumstances the trial court could have discussed. The trial court satisfied the applicable portions of Crim.R. 44. The additional requirements advanced by Appellant are only appropriate to more serious offenses. Appellant's first assignment of error is overruled.

Assignment of Error Number Two

{14} "THAT DEFENDANT WAIVER OF RIGHT TO TRIAL AND HER PLEA OF NO CONTEST WAS NOT KNOWING, INTELLIGENT AND VOLUNTARY BECAUSE THE TRIAL COURT DID NOT ADVISE DEFENDANT/APPELLANT OF HER RIGHTS PURSUANT TO RULE 11(D) OHIO RULES OF CRIMINAL PROCEDURE IN OPEN COURT AS REQUIRED BY LAW, TO THE PREJUDICE OF DEFENDANT/APPELLANT AND MAKING HER PLEAS CONTRARY TO LAW AND SUBJECT TO REVERSAL BY THIS COURT." [SIC]

{15} While Appellant states in her second assignment of error that her plea was contrary to law and subject to reversal because she was not advised of her

rights pursuant to Crim.R. 11(D), the body of her argument instead focuses on Crim.R. 11(C). Appellant's reliance on either section of Crim.R. 11 is in error. Section (C) addresses pleas in felony cases only and (D) addresses misdemeanor cases involving serious offenses. As earlier discussed, Appellant's violation constitutes a petty offense. Hence, only section (E) of Crim.R. 11 is relevant. This section provides: "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."

{16} On June 25, 2010, Appellant received and signed a form containing a notice which specified the rights she was foregoing by entering her plea. On the record in open court the trial court judge discussed with her the penalties that would result from her plea. Although the discussion between the court and Appellant is limited to the nature of the penalty imposed, it is very apparent that Appellant does not dispute her violation of the statute, understands the penalties to be imposed following her plea, and is primarily concerned with the cost of compliance. The two waiver forms signed by Appellant further establish the nature of the rights Appellant is giving up when she enters her plea and the extent of her right to counsel. These forms in combination with the transcript reflect that the court was in at least substantive compliance with Crim.R. 11.

{17} The record does, however, reflect some confusion. In her forms it appears that Appellant is entering a guilty plea, but the docket sheet summary for

June 25, 2010 states "no contest found guilty." It is not apparent how this confusion was created. Appellant has seized on the summary entry on the docket sheet and suggests that this alleged difference affects the validity of her plea. (Appellant's Reply Brf., p. 2.) This is not the case. As the Supreme Court of Ohio notes: "[d]ockets and journals are distinct records kept by clerks. See R.C. 2303.12 ('The clerk of the court of common pleas shall keep at least four books[:] * * * the appearance docket, trial docket * * *, journal, and execution docket.')" *State ex rel. White v. Junkin* (1997), 80 Ohio St. 3d 335, 337. A municipal court clerk is similarly charged: "The clerk shall do all of the following: file and safely keep all journals, records, books, and papers belonging or appertaining to the court; record the proceedings of the court; perform all other duties that the judges of the court may prescribe * * * [t]he clerk shall prepare and maintain a general index, a docket, and other records that the court, by rule requires, all of which shall be the public records of the court. In the docket, the clerk shall enter, at the time of the commencement of an action, the names of the parties in full, the names of the counsel, and the nature of the proceedings. Under proper dates, the clerk shall note the filing of the complaint, issuing of summons or other process, returns, and any subsequent pleadings. The clerk also shall enter all reports, verdicts, orders, judgments, and proceedings of the court, clearly specifying the relief granted or orders made in each action." R.C. 1901.31(E). Ohio Supreme Court Superintendence Rule 26.05(B) also governs municipal court record keeping, and requires that municipal courts "maintain an index, docket, journal and case files."

**{18}** The general index created by the clerk, and the "docket [are] not the same as a journal." *Junkin* at 337. The docket and index are created and maintained by the clerk. Sup.R. 26.05(A) and (C). In contrast, "[a] court speaks through its journals and an entry is effective only when it has been journalized. Civ. R. 58 and Crim. R. 32 (B). To journalize a decision means that certain formal requirements have been met, *i.e.*, the decision is reduced to writing, it is signed by a judge, and it is filed with the clerk so that it may become a part of the permanent record of the court." *State v. Ellington* (1987), 36 Ohio App.3d 76, 77-78. Ohio Supreme Court Superintendence Rule 26. (B)(4) defines a court's journal as "a verbatim record of every order or judgment of a court." The journalization requirements are not empty formalities, where a court issues a decision verbally or even in writing, but it has not been journalized, the verbal judgment is not final. *State v. Ginocchio* (1987), 38 Ohio App.3d 105, 526 N.E.2d 1366. Similarly, a court will lose jurisdiction if it fails to journalize its decision within the period prescribed by statute. *Ellington*, paragraph two of the syllabus.

**{19}** In the current matter, the June 25, 2010 entry in the trial court's journal reflects a guilty plea. No writing signed by the judge, filed with the clerk and journalized in the record of this proceeding indicates that Appellant entered a no contest plea. While the docket and the last of six index entries for June 25, 2010 state that Appellant entered a plea of no contest and was found guilty, the docket sheet is not the court's journal. The court's journal contains no contradiction with regard to the plea. The journal entry is consistent with the transcript of the

proceedings and does not reflect confusion as to the entry of the plea on the part of the court.

{20}   However, while Appellant's plea would ordinarily be valid and nothing in the record suggests non-compliance with the criminal rules, nothing in the record reflects an explicit discussion of the meaning of a "guilty" as opposed to a "no contest" or a "not guilty" plea, and the ramifications of those pleas.  The record reflects that Appellant signed forms stating that she was represented by counsel in these proceedings, while the transcript clearly shows she acted pro se.  Her indictment misidentified her violation as a first degree misdemeanor.  The court and prosecutor thought Appellant's violation amounted to a first degree misdemeanor, when the charge was actually a second degree misdemeanor.  Appellant was informed of her possible sentence, but it was for the higher degree of misdemeanor and not the actual offense she admitted.  Coupled with the error in consistently reflecting the actual plea Appellant entered, this record does reflect a multitude of deficiencies.  While none of these, taken alone, clearly support Appellant's argument that her plea was not entered knowingly, we cannot state that, based on this record, the plea was so entered.  Hence, acting under an abundance of caution and considering the series of discrepancies and contradictions in this record, we cannot say the plea was entered in a knowing, intelligent and voluntary fashion.  Accordingly, we must overrule in part and sustain in part Appellant's second assignment of error and remand the matter to allow Appellant to withdraw her plea.

<u>Assignment of Error Number Three</u>

**{21}** "THAT THE SENTENCE OF THE TRIAL COURT WAS CONTRARY TO LAW LAW BECAUSE THE MAXIMUM SENTENCE TO THE CRIME CHARGED WAS A MINOR MISDEMEANOR NOT A MISDEMEANOR OF THE FIRST DEGREE AS THE COURT SENTENCED HER. THE DEFENDANT/APPELLANT WAS CHARGED WITH VIOLATION OF R.C. 3701.352 VIOLATION OF OHIO HEALTH CODE BY NOT ABANDING HER SEPTIC SYSTEM AND TIE IN TO THE COUNTY SEWER SYSTEM. THE PENALTY FOR THAT VIOLATION IS DEFEINDED IN R.C. 3701.99(A) WHICH IS DEFINED AS A MINOR MISDEMEANOR, TO THE PREJUDCICE OF DEFENDANT/APPELLANT AND SUBJECT TO REVERSAL BY THIS COURT." [SIC]

**{22}** While Appellant's plea may be withdrawn on remand, by her own admission she has done nothing to correct her violation and acknowledges that she remains in violation of law. Hence, discussion of the penalties inherent to a finding of guilt remains necessary. Appellant and the state agree that the sentence imposed by the trial court is clearly and convincingly contrary to law, although they disagree as to the nature of the misdemeanor to which Appellant entered a plea. As earlier discussed, Appellant was charged in the criminal complaint that initiated this matter on June 3, 2009 with a violation of R.C. 3701.352. The violation was dated July, 2003, and continues to the present. The penalties for violations of R.C. 3701.352 were increased pursuant to legislation passed on October 15, 2003 and effective on February 12, 2004. The fact that Appellant's conduct in violation of the statute was initiated prior to the increase in penalty does not alter the fact that it continued after

the enactment of increased penalties and that she was charged in 2009 with that continuing offense. As she admits she continues to be in violation of the law, this record reflects that she would be liable for the enhanced penalty.

{23} Appellant was sentenced to 180 days of incarceration, 150 of which were suspended. Thirty days were to be served by attendance in the Mahoning County Day Program. This is both contrary to R.C. 2929.24, which limits the penalty to be imposed for a second degree misdemeanor to ninety days, and Crim.R. 44, which states that where the defendant is unrepresented, incarceration may not be imposed unless the defendant explicitly waives his or her right to counsel. Because this record does not reflect such an explicit waiver, no term of incarceration of any kind, could be imposed. Probation, financial, and other penalties that may be imposed pursuant to R.C. 2929.24, R.C. 2929.28 or any other statutory provision are within the court's discretion to include, but they must be consistent with penalties allowed for a second degree misdemeanor.

{24} Appellant's third assignment of error is overruled with regard to the nature of the offense and sustained with regard to the sentence. As we are remanding this matter to allow Appellant to withdraw her plea, the sentence is hereby vacated and the matter likewise remanded for resentencing.

## CONCLUSION

**{25}** Appellant's first assignment of error is overruled and her second and third assignments are overruled in part and sustained in part. Appellant's sentence is vacated and she is permitted to withdraw her plea. This matter is remanded to the trial court. Any future sentence, if any, must be compliant with the parameters for a second degree misdemeanor, and Crim.R. 44.

Donofrio, J., concurs.

Vukovich, J., concurs.