[Cite as *Eaton Twp. Bd. of Trustees v. KNG, Ltd.*, 2023-Ohio-1621.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

BOARD OF TOWNSHIP TRUSTEES FOR
EATON TOWNSHIP

      Appellant

      v.

KNG, LTD., et al

      Appellees

C.A. No.     22CA011854

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    21 CV 203634

DECISION AND JOURNAL ENTRY

Dated: May 15, 2023

---

STEVENSON, Judge.

**{¶1}** Appellant Board of Township Trustees for Eaton Township ("Eaton") appeals the decision of the Lorain County Court of Common Pleas affirming the Lorain County Board of Commissioners' ("Commissioners") decision to allow the annexation of 41.9821 acres of land located in Eaton to appellee the Village of Grafton ("Grafton"). For the reasons set forth below, we sustain Eaton's third assignment of error. Eaton's first and second assignments of error are, accordingly, moot.

I.

**{¶2}** On January 22, 2021, appellee KNG, Ltd. ("KNG") filed a petition for regular annexation of land from Eaton to Grafton. The petition involved 41.9821 acres of land which is the final phase of KNG's four-phase residential development project, Fiddler's Green, that began in 2004.

{¶3} A public hearing on the annexation petition commenced before the Commissioners on April 6, 2021 and concluded, after being continued, on April 20, 2021. All parties submitted post-hearing briefs to the Commissioners.

{¶4} On May 12, 2021, the Commissioners passed Resolution No. 21-318 granting the requested annexation. Eaton then filed a notice of administrative appeal to the Lorain County Court of Common Pleas. The trial court affirmed the Commissioners' decision.

{¶5} Eaton timely appealed the trial court's decision to this Court, setting forth three assignments of error for review. We consider the assignments of error out of order because the third assignment of error is dispositive of this appeal.

II.

## ASSIGNMENT OF ERROR NO. 3

**THE TRIAL COURT ERRED IN UPHOLDING THE LORAIN COUNTY COMMISSIONERS' GRANT OF RESPONDENT-DEFENDANTS' PETITION FOR ANNEXATION BECAUSE THE PETITIONERS FAILED TO SATISFY THE REQUIREMENTS OF R.C. 709.033(A)(6), TO WIT, THAT '[N]O STREET OR HIGHWAY WILL BE DIVIDED OR SEGMENTED BY THE BOUNDARY LINE BETWEEN A TOWNSHIP AND THE MUNICIPAL CORPORATION AS TO CREATE A ROAD MAINTENANCE PROBLEM, OR, IF A STREET OR HIGHWAY WILL BE SO DIVIDED OR SEGMENTED, THE MUNICIPAL CORPORATION HAS AGREED, AS A CONDITION OF THE ANNEXATION, THAT IT WILL ASSUME THE MAINTENANCE OF THAT STREET OR HIGHWAY. FOR PURPOSES OF THIS DIVISION, "STREET" OR "HIGHWAY" HAS THE SAME MEANING AS IN SECTION 4511.01 OF THE REVISED CODE."
R.C. 709.033.**

{¶6} Eaton argues in its third assignment of error that KNG and Grafton (collectively "Petitioners") failed to meet R.C. 709.033(A)(6)'s requirements and that, therefore, the Commissioners improperly granted the annexation and the trial court improperly upheld the Commissioners' decision. We agree.

**{¶7}** An order affirming a petition to annex a property may be appealed pursuant to R.C. 2506.01. *Smith v. Granville Twp. Bd. of Trustees*, 81 Ohio St.3d 608, 612 (1998). The review process for an appeal of a grant of a petition for annexation starts in the court of common pleas wherein the trial court reviews the administrative order pursuant to R.C. 2506.04. The common pleas court "must weigh the evidence in the record and may consider new or additional evidence." *Smith* at 612, citing *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 206-207 (1979). The common pleas court's decision may then be appealed to an appellate court on questions of law. *Smith* at 613.

**{¶8}** "An appellate court's function does not involve a determination as to the weight of the evidence." *CMK, Ltd. V. Bd. of Cty. Commrs.*, 9th Dist. Lorain No. 02CA008185, 2003-Ohio-5160, ¶ 17, citing *In re Annexation of 1,544.61 Acres,* 14 Ohio App.3d 231, 233 (9th Dist.1984). This Court's inquiry "is more limited in scope." *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34 (1984). An appellate court is required "to affirm the common pleas court" unless it finds "as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." *Id.* The appellate court's review, however, "'does not include the same extensive power to weigh the 'preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court. * * * Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.'" (Internal quotations omitted.) *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147 (2000), quoting *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 261 (1988).

**{¶9}** R.C. 709.033 governs the Commissioners' determination to grant a petition for annexation. For an annexation to be approved by the commissioners, the petitioners are required

to show at a hearing, based on a preponderance of the evidence, that each of the six elements set forth in R.C. 709.033(A) have been met. The element at issue in Eaton's third assignment of error is R.C. 709.033(A)(6) which provides:

> No street or highway will be divided or segmented by the boundary line between a township and the municipal corporation as to create a road maintenance problem, or, if a street or highway will be so divided or segmented, the municipal corporation has agreed, as a condition of the annexation, that it will assume the maintenance of that street or highway. For the purposes of this division, "street" or "highway" has the same meaning as in section 4511.01 of the Revised Code.

{¶10} The Ohio Supreme Court has stated that, "where the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom." *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, ¶ 14. If a statute is "ambiguous, we must then interpret the statute to determine the General Assembly's intent. If it is not ambiguous, then we need not interpret it; we must simply apply it." *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 13.

{¶11} As a result of the requested annexation, Durkee Road will be divided or segmented by the boundary line between Eaton and Grafton. With respect to the maintenance of Durkee Road, Grafton's Council passed Resolution No. 20-039 on October 6, 2020, over three months before the petition for regular annexation was filed, authorizing its "Mayor to enter into a shared maintenance agreement with Lorain County for the care and upkeep of Durkee Road." Pursuant to the shared maintenance agreement, Grafton and Lorain County would "share equally (1/2) the cost of maintenance of a portion of Durkee Road".

{¶12} KNG's petition for regular annexation was filed with the Commissioners on January 22, 2021. Lorain County Sanitary Engineer Ken Carney stated in a February 17, 2021 letter that Grafton and Lorain County would "[s]eparately * * * enter into an agreement * * * to

share the maintenance of the affected portion of Durkee Road, in order to avoid segmentation of this county road." Thus, Grafton has not assumed maintenance of the road but agreed to share maintenance.

{¶13} The Commissioners issued their decision, Resolution No. 21-318, on May 12, 2021. The Board acknowledged R.C. 709.033(A)(6) and the requirement that, "if a street or highway will be so divided or segmented, the municipal corporation has agreed, as a condition of the annexation, that it will assume the maintenance of that street or highway." The Commissioners found that this requirement was established as "Grafton has submitted to the Board for its review a qualifying road maintenance agreement for Durkee Rd."

{¶14} The trial court affirmed the Commissioners' decision. With respect to R.C. 709.033(A)(6), the trial court held "that the Commissioners' decision that (1) provisions have been made for the maintenance of Durkee Road * * * is not unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record." The trial court's finding that "provisions have been made" for the maintenance of the road is not the unambiguous standard required by R.C. 709.033(A)(6).

{¶15} As previously set forth, R.C. 709.033(A)(6) states that, if a street or highway will be divided or segmented by the boundary line between the township and the municipal corporation, "the municipal corporation" must have agreed, "as a condition of the annexation, that it will assume the maintenance of that street or highway." Eaton argues that Grafton's Ordinance 20-039 fails to comply with R.C. 709.033(A)(6) as it "did not include any language that – as a condition [of] the annexation of the Parcel – Grafton would assume maintenance of Durkee Road."

{¶16}   Grafton maintains the road maintenance agreement "achieves the desired effect that the road or highway will continue to be maintained after segmentation due to annexation." Grafton relied on *In re: Petition to Annex 331.2142 Acres etc. Wadsworth Twp. Bd. of Trustees v. Wadsworth*, 9th Dist. Medina No.03CA0101-M, 2004-Ohio-1425, to support its position that, because there was an agreed shared maintenance agreement for Durkee Road prior to KNG's submission of its annexation petition, the "special 'condition precedent' language * ** would have no measurable effect."

{¶17}   The trial court in *Petition to Annex 331.2142 Acres* ended its R.C. 709.033(A)(6) analysis on the finding that the streets at issue "were in fact already segmented and properly maintained prior the petition." *Petition to Annex 331.2142 Acres* at ¶ 14.  Because the requested annexation would not result in a new division or segmentation of streets or highways, the court found that there was no road maintenance problem and ended its analysis. Thus, *Petition to Annex 331.2142 Acres* only considered the first portion of the statute, whether annexation caused roads to be segmented, and not the second portion, who must maintain a road that is segmented by annexation.

{¶18}   Unlike in *Petition to Annex 331.2142 Acres*, it is undisputed that Durkee Road will be divided or segmented because of the requested annexation.  The Commissioners heard testimony and were presented with evidence pertaining to alleged maintenance agreements for the portion of Durkee Road that would be affected by the requested annexation.  Because "a street or highway will be so divided or segmented" as a result of the annexation, it was Petitioners' burden to establish by "a preponderance of the substantial, reliable, and probative evidence on the whole record," that "the municipal corporation has agreed, as a condition of the annexation, that it will assume the maintenance of that street or highway."  R.C. 709.033(A)(6).  R.C. 709.033(A)(6) is

clear and unambiguous and, as such, must be enforced "as written." *Hubbard*, 97 Ohio St.3d 451, 2002-Ohio-6718 at ¶ 14.

{¶19} Prior to the annexation request, Grafton passed Resolution No. 20-039 authorizing its mayor to enter into a shared maintenance agreement with Lorain County for the care and upkeep of Durkee Road. The Resolution states that Grafton and Lorain "desire to enter into a shared maintenance agreement whereupon each will share equally (1/2) the cost of maintenance" of the relevant portions of Durkee Road. Provisions for maintenance, and the "desire to enter into" a maintenance agreement, are not the same as the "municipal corporation * * *, as a condition of annexation, * * * will assume the maintenance." Contrary to R.C. 709.033(A)(6) mandates, neither the Resolution nor the record establish that Grafton, as the municipality and "as a condition of the annexation * * * will assume the maintenance of" Durkee Road. Petitioners failed to satisfy the requirements of R.C. 709.033(A)(6).

{¶20} Accordingly, we conclude that the trial court erred in finding that the Lorain County Board of Commissioners approved the petition for annexation based on compliance with R.C. 709.033(A)(6). Eaton's third assignment of error is sustained.

### ASSIGNMENT OF ERROR NO. 1

**THE COMMISSIONERS MISREAD R.C. 709.033(A)(5) & (6), AND EFFECTIVELY ELIMINATED THE STATUTORY REQUIREMENTS TO BOTH CONSIDER THAT "[O]N BALANCE, THE GENERAL GOOD OF THE TERRITORY PROPOSED TO BE ANNEXED WILL BE SERVED, AND THE BENEFITS TO THE TERRITORY PROPOSED TO BE ANNEXED AND THE SURROUNDING AREA WILL OUTWEIGH THE DETRIMENTS TO THE TERRITORY PROPOSED TO BE ANNEXED AND THE SURROUNDING AREA, IF THE ANNEXATION PETITION IS GRANTED" AND THAT "NO STREET OR HIGHWAY WILL BE DIVIDED OR SEGMENTED BY THE BOUNDARY LINE BETWEEN A TOWNSHIP AND THE MUNICIPAL CORPORATION AS TO CREATE A ROAD MAINTENANCE PROBLEM, OR, IF A STREET OR HIGHWAY WILL BE SO DIVIDED OR SEGMENTED, THE MUNICIPAL CORPORATION HAS AGREED, AS A CONDITION OF THE**

**ANNEXATION, THAT IT WILL ASSUME THE MAINTENANCE OF THAT STREET OR HIGHWAY. FOR THE PURPOSES OF THIS DIVISION, "STREET" OR "HIGHWAY" HAS THE SAME MEANING AS IN SECTION 4511.01 OF THE REVISED CODE." R.C. 709.033.**

### ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ERRED IN UPHOLDING THE LORAIN COUNTY COMMISSIONER'S GRANT OF PETITIONERS' PETITION FOR ANNEXATION BECAUSE INSUFFICIENT EVIDENCE WAS PROVIDED TO SATISFY R.C. 709.033(A)(5), AND THE COMMISSIONERS IGNORED THE STATUTORY LANGUAGE REQUIRING THAT "ON BALANCE, THE GENERAL GOOD OF THE TERRITORY PROPOSED TO BE ANNEXED WILL BE SERVED, AND THE BENEFITS TO THE TERRITORY PROPOSED TO BE ANNEXED AND THE SURROUNDING AREA WILL OUTWEIGH THE DETRIMENTS TO THE TERRITORY PROPOSED TO BE ANNEXED AND THE SURROUNDING AREA, IF THE ANNEXATION PETITION IS GRANTED. AS USED IN DIVISION (A)(5) OF THIS SECTION, "SURROUNDING AREA" MEANS THE TERRITORY WITHIN THE UNINCORPORATED AREA OF ANY TOWNSHIP LOCATED ONE-HALF MILE OR LESS FROM ANY OF THE TERRITORY PROPOSED TO BE ANNEXED."**

**{¶21}** Eaton argues in its first and second assignments of error that R.C. 709.033(A)(5) was misread and that there was insufficient evidence to satisfy this statutory provision. Eaton also argues that the Commissioners misread and eliminated the statutory requirements set forth in R.C. 709.033(A)(6). Based on this Court's resolution of the third assignment of error, the first and second assignments of error are moot.

### III.

**{¶22}** For the reasons set forth above, Eaton's third assignment of error is sustained. Eaton's first and second assignments of error are moot. The judgment of the Lorain County Court of Common Pleas is reversed and the matter is remanded to the trial court for further proceedings in accordance with law and consistent with this opinion.

Judgment reversed and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

SCOT STEVENSON
FOR THE COURT

SUTTON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

ALFRED E. SCHRADER, Attorney at Law, for Appellant.

GRETCHEN A. HOLDERMAN, Attorney at Law, for Appellee.

JAMES N. TAYLOR, Attorney at Law, for Appellee.